HOYT *vs.* SHELDEN; EX'R OF THOMPSON, AND THE LONG ISLAND RAILROAD COMPANY.

1. This court cannot review the proceedings of a State court, on the ground that the judgment or decree violates the Federal Constitution, unless it appears from the record that the point was distinctly raised in the court below.

2. The clause in the Constitution on which the party relies, and the right claimed under it, must have been called to the attention of the court, and the decision of the court, with the subject so before it, must have been against the right claimed; otherwise no writ of error will lie.

In error to the Superior Court of the city of New York.

This was a writ of error to the Superior Court of the city of

New York, "being possessed of the record and proceedings upon a *remittitur* from the Court of Appeals of the State of New York." It was a bill in equity, filed in the Supreme Court of the State of New York, by Jesse Hoyt, the plaintiff in error, against Abraham G. Thompson, George B. Fisk, the Long Island Railroad Company, and the Statutory Representatives of the State of Michigan. All the defendants except the representatives of the State of Michigan demurred. The demurrers were argued before one of the judges of the Supreme Court, who overruled them. From this decision the defendants appealed to the general term of the Supreme Court, when, under a State statute the case was transferred to the Superior Court of the city of New York, where the appeal was argued, and the decision of the Supreme Court overruled, the demurrers allowed, and the bill dismissed. From this decision the plaintiff appealed to the Court of Appeals, where the judgment of the Superior Court was reversed, and the demurrers overruled, but defendants had leave to answer. About this time the defendant, Abraham G. Thompson, died, and Henry Shelden was qualified as his executor, and was made a party defendant. The Superior Court, on receiving the *remittitur* from the Court of Appeals, rendered judgment for the plaintiff on the demurrers, and ordered the defendants demurring to answer to the bill. Shelden and the Long Island Railroad Company filed their answers. Testimony was taken, and the court made a decree for plaintiff. Shelden appealed from this decree of a single judge at a special term, to the general term of the Superior Court, and obtained a reversal of it, with an order for a new trial. From the decision of the general term the plaintiff Hoyt took the cause to the Court of Appeals, which affirmed the judgment of the Superior Court, made it final against plaintiff, as he had stipulated that it should be, and remitted the record and proceedings to the Superior Court. The Superior Court, on filing the *remittitur* from the Court of Appeals, ordered that final judgment be rendered against the plaintiff, and that his bill be dismissed. Thereupon plaintiff sued out a writ of error from the Supreme Court of the United States to the Superior Court, in which he made Shelden, as

executor of Thompson, and the Long Island Ralroad Company, defendants in error. Pending this writ of error Shelden died, and Edward G. Thompson, as his successor, and as administrator with the will annexed of Abraham G. Thompson, was made a party by order of this court.

The power and jurisdiction of this court to review the proceedings of the State court was denied by the defendant's counsel.

On the part of the plaintiff in error, it was contended that by a certain act of the New Jersey Legislature, and by the record of a judicial proceeding in the Court of Chancery of the same State, the title to the property in dispute was vested in the persons under and through whom he claimed it, and that the State court of New York in deciding against him, and dismissing his bill, refused to give full faith and credit to the reccords and judicial proceedings of the State of New Jersey, as required by Art. IV, Sec. 1, of the Federal Constitution. The right which he had under the Constitution being refused him in the State court, his remedy was to reverse the proceeding on a writ of error from this court.

The defendants' answer to this was, that no such question had been raised in the State court. No claim of any right under the Federal Constitution was asserted, nor was the attention of the court called to it in any manner whatever. It is not enough that such a point *might have been* made. It must appear that it *was actually* made.

*Mr. Hoyt*, of New York, for plaintiff in error.

*Messrs. Blatchford* and *Stoughton*, of New York, for Thompson's administrator.

*Mr. De Forrest*, of New York, for the Long Island Railroad Company.

Mr. Chief Justice TANEY. This being a writ of error directed to a State court, it is incumbent upon the plaintiff, in order to give jurisdiction to this court, to show that one of the

questions enumerated in the twenty-fifth section of the act of Congress of 1789, Ch. 20, arose at the trial, and that a right he claimed under the Constitution of the United States, or an act of Congress, was decided against him.

In the argument here, he alleges that the construction and effect of the first section of the fourth article of the Constitution was drawn in question, and the right to the property in dispute, which he claimed under it, was decided against him.

The section referred to is in the following words:

"Full faith and credit shall be given in each State to the public acts, records, and judicial proceeding of every other State. And the Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof."

And he now contends that, by virtue of the act of the Legislature of New Jersey, and the proceedings and decree of the Court of Chancery of that State, and the sale by the receivers under the authority of that court, as set forth in the bill of complaint, the right to the property in controversy vested in the vendees, under whom he claims title; and that the State court, by deciding against him, refused to give full faith and credit to the records and judicial proceedings in New Jersey, as required by the clause in the Constitution above quoted.

But, in order to give this court the power to revise the judgment of the State court on that ground, it must appear upon the transcript, filed by the plaintiff in error, that the point on which he relies was made in the New York court, and decided against him; and that this section of the Constitution was brought to the notice of the State court, and the right which he now claims here claimed under it. The rule upon this subject is clearly and fully stated in 18 How., 515, *Maxwell* vs. *Newbold and others*, as well as in many other cases to which it is unnecessary to refer.

This provision of the Constitution is not referred to in the plaintiff's bill of complaint in the State court, nor in any of the proceedings there had. It is true, he sets out the act of the Legislature of New Jersey, the proceedings and decree of the Chancery Court of that State under it, and the sale of the property

in dispute by the authority of the court, which, he alleges, transferred the title to the vendee, under whom he claims, and charges that the assignment set up by the defendants was fraudulent and void, for the reasons stated in his bill. But all of the matters put in issue by the bill and answers, and decided by the State court, were questions which depended for their decision upon principles of law and equity, as recognised and administered in the State of New York, and without reference to the construction or effect of any provision in the Constitution, or any act of Congress. This court has no appellate power over the judgment of a State court pronounced in such a controversy, and this writ of error must, therefore, be dismissed for want of jurisdiction.