## MESSENGER *v.* MASON.

1. A certificate from the Supreme Court of Iowa (lately a Territory) that in a case brought here from its final judgment, the validity of the Partition Law of Iowa *Territory*, approved January 4th, 1839, was drawn in question, on the ground that the same was in conflict with the Ordinance of 1787, the Constitution of the United States, the treaties and laws thereof, the objections thereto overruled, and the statute held to be valid against the rights and interests of the defendant, as claimed by them, presents the constitutional objection in too general a form to give this court jurisdiction under the 25th section of the Judiciary Act.
2. That section does not apply to the case where is drawn in question the validity of a statute of a *Territory*.

8. Where an ordinance of the United States, then existing, has been in-
corporated as organic law into the system of laws of a new Territory,
with a provision, however, that the ordinance should be subject to be
altered, modified, or repealed by its governor and legislature, the de-
cision of the Supreme Court of the State (lately the Territory) cannot be
brought here under the 25th section, on the ground that in a suit before
it there was drawn in question the validity of a statute of the Territory
as being repugnant to a law of the United States.

MOTION to dismiss a writ of error to the Supreme Court
of the State of *Iowa.* The case was thus:

Mason sued Messenger in one of the county courts of
*Iowa,* to recover the possession of certain land in that State.
He relied upon a judgment in partition of the tract, rendered
in the District Court of the *Territory* of Iowa, in April, 1841,
in pursuance of a law of that Territory.

The defendant objected to the admission of the record of
judgment on the ground that the law under which the pro-
ceedings were had was unconstitutional and void.

The objection was overruled, the record admitted, and a
verdict and judgment rendered for the plaintiff. On an
appeal to the Supreme Court of the Territory, by the de-
fendant, the judgment was affirmed, and the case was
brought here as within the 25th section of the Judiciary
Act.

The certificate from the Supreme Court of Iowa certified:

"That on the final hearing, the validity of the partition law
of Iowa Territory, approved January 4th, 1839, was drawn in
question, on the ground that the same was in conflict with the
Ordinance of 1787, the Constitution of the United States, the
treaties and laws thereof, that the objections thereto were over-
ruled, and the statute held to be valid."

The Territory of Iowa, it should be stated, was not a part
of that to which the Ordinance of 1787 originally applied,
but was a part of the Louisiana purchase. Prior to June
12th, 1838, it was part of the Territory of Wisconsin.* The
act, however, of the date just mentioned, which set it off and

---

* 5 Stat. at Large, 235.

made its organic law, incorporated into its laws, indirectly, many of the provisions of the ordinance by extending to its inhabitants the rights and privileges theretofore secured to the Territory of Wisconsin by *its* organic law, among which were those found in the ordinance.* But the section that conferred these rights and privileges upon the new Territory of Iowa, provided that they should be subject "to be altered, modified, or repealed" by its governor and legislative assembly.

*Mr. Mason* now moved to dismiss the case for want of jurisdiction, submitting that the certificate did not present any Federal question, and that the case was not within the 25th section.

*Mr. Wills, contra,* insisted that it was plain enough by the certificate that a right set up under the Ordinance of 1787 had been denied to his clients in consequence of the partition law of Iowa; and as the Ordinance of 1787, made by the Congress of the Confederation, was continued in force by an act of the Congress of the United States,† that a Federal question was thus raised.

Mr. Justice NELSON delivered the opinion of the court.

It is insisted, on the part of the defendant in error, that an examination of the record, will show that there is no Federal question in the case of which this court can take cognizance.

In the case of *Maxwell* v. *Newbold et al.*‡ it was held the objection that "the charge of the court, the verdict of the jury, and the judgment below are each against, and in conflict with the Constitution and laws of the United States," was not sufficiently specific to raise a question within the provisions of this section. The Chief Justice in delivering the opinion of the court observes, that "the clause in the Constitution and the law of Congress should have been specified by the plaintiffs in error in the State court, in order

---

* Act of 7th August, 1789, 1 Stat. at Large, 50.    † § 12.
‡ 18 Howard, 511.

that this court might see what was the right claimed by them, and whether it was denied by the decision of the State court." This court had previously held, in *Lawler* v. *Walker and others*,\* that the statement in a certificate of the State court that there was drawn in question the validity of statutes of Ohio, without saying what statutes, was too indefinite, and that the statutes complained of in the case should have been specified. These decisions were reaffirmed in *Hoyt* v. *Shelden*.† It is quite clear, upon these authorities, that the constitutional objection taken in the present case is too general to be noticed on a writ of error under this 25th section.

As to the effect of the certificate from the court below, see *Commercial Bank* v. *Buckingham*,‡ *Lawler* v. *Walker*,§ and *Porter* v. *Foley*.‖

One difficulty in bringing the case within this 25th section is, that it makes no provision for the re-examination of a judgment in a State court which upholds the validity of a statute of a Territory in contravention of the Constitution. It applies only to the case where is drawn in question the validity of a statute of, or authority exercised under, any State. The circumstance, therefore, that the court below held the statute of the Territory providing for partition of lands among tenants in common, valid, is of no importance in the case.¶

It has been urged on the argument, however, in view of the certificate of the court, that a right set up under the Ordinance of 1787, by the defendants at the trial, had been denied them, and that the construction of a law of Congress had thus been drawn in question.

Although the organic law of the Territory of Iowa did incorporate into its system of laws, indirectly, many of the provisions of the Ordinance of 1787, by extending to its inhabitants the rights and privileges theretofore secured to the Territory of Wisconsin by its organic law, among which were those found in the ordinance, yet the same section

---

\* 14 Howard, 149.    † 1 Black, 518.    ‡ 5 Howard, 317.    § 14 Ib. 149.
‖ 24 Id. 413.         ¶ Scott v. Jones, 5 Howard, 375.

that conferred these rights and privileges upon the Territory of Iowa provided that they should be subject to be altered, modified, or repealed by the governor and legislative assembly of the said Territory. If, therefore, anything is found in this act of partition in conflict with these provisions, to that extent they must be regarded as altered or modified, which affords a complete answer to the ground relied upon under the ordinance.

MOTION GRANTED.

Mr. Justice MILLER took no part in the decision, having been counsel in the case.