## NALL v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Appellate Jurisdiction:** SUPREME COURT. The supreme court has no appellate jurisdiction in a common-law action for damages in the sum of one hundred dollars, where the petition alleges the delivery of certain goods to the defendant for shipment, as a common carrier, to another state, the subsequent loss thereof and defendant's failure to deliver to plaintiff at their destination, and the answer alleges a contract of shipment to the end of defendant's line within the state, and to forward the goods by connecting lines, and avers full performance on its part, the record not disclosing the grounds upon which the trial court based its finding.

2. **Practice:** ISSUES NOT MADE BY PLEADINGS. In an action for damages, an issue not made by the pleadings, or in some other appropriate way, cannot be thrust into the cause by instructions asked by a party.

3. ———: ———. A question not passed upon at the trial cannot afterward be injected into the cause by motion for new trial in the lower court, or by assignment or brief in the appellate court, nor by a motion to transfer the cause from one court to another.

*Transferred from Kansas City Court of Appeals.*

RE-TRANSFERRED.

*Matthews & Sparrow* for respondent.

*Geo. S. Grover* for appellant.

RAY, C. J.—This cause was appealed from the Macon circuit court, and the record sent to the Kansas City court of appeals, where, upon motion of defendant, the cause was transferred to this court, for the alleged reason "that the issues in said cause involved a construction of the federal constitution." Whether that be so or not, depends upon the proper construction of the pleadings in the cause.

The petition is as follows: "Plaintiff states and alleges, that on the twenty-sixth day of February, 1883, he owned certain goods and chattels, to-wit, one cook-stove and one box of household goods. That the defendant is a railroad corporation, under the laws of the state of Missouri, and a common carrier of persons, goods and merchandise, and was such at the time the said corporation undertook to ship and carry the prop- erty and goods of plaintiff, hereinafter mentioned. That on the twenty-sixth day of February, 1883, the defendant owned and operated a railroad, known as the Wabash, St. Louis & Pacific Railway, running through the city of Macon, upon which road the defendant ran and operated its engines and cars, and transported and carried goods, wares and merchandise as a common carrier. That on said twenty-sixth day of February, 1883, the plaintiff delivered to the defendant one cook-stove and one box of household goods, in good condi-tion, for transportation from the city of Macon, afore-said, to Corinth, Kentucky. That plaintiff paid them the price demanded for carrying said goods, to-wit, $7.70, and that in consideration of said price, paid as aforesaid, the defendant, as such common carrier, undertook and agreed to carry and transport said goods from the city of Macon to Corinth, Kentucky, and deliver the same in like good order, within a reasonable time. Plaintiff states that defendant has failed to per-form its undertaking as such common carrier, and has failed to deliver said goods, as aforesaid, at said point of delivery, and the same have been a loss to this plain-tiff of the whole thereof. That the value of said goods was one hundred dollars, and plaintiff has been damaged by reason of the premises in the full value thereof, and he therefore asks judgment for the same, with costs of this action."

The answer of defendant was as follows: (1) It admitted that it was a railroad corporation under the

laws of the state of Missouri.   (2) That on the twenty-sixth day of February, 1883, it owned and operated a railroad known as the Wabash, St. Louis & Pacific Railway, running from and through the city of Macon. (3) It denied each and every other allegation in plaintiff's petition.   For further answer, it averred that it received from one J. M. Nall, at Macon City, Missouri, on or about the twenty-sixth day of February, 1883, one box, said to contain certain household goods, and one cook-stove, marked J. M. Nall, Corinth, Kentucky, to be transported by it to St. Louis, Missouri, and there delivered to a connecting line, for the consideration named, and only upon the terms and conditions stated in a certain special printed and written contract, or bill of lading, then and there executed by it and delivered to said J. M. Nall, which said special contract, or bill of lading, was in words and figures as follows, to-wit:

"Macon Station, February 26, 1883.

"Received of J. M. Nall, by the Wabash, St. Louis & Pacific Railway Company, the following property, in apparent good order (except as noted) to be forwarded to some connecting line at St. Louis station, on its line, upon the following conditions and limitations, by notice or otherwise, defining the liability or undertaking of this company, and the right of any owner or consignee hereunder.   It is further agreed that this company shall not be held accountable for any damage or deficiency in packages, after the same shall have been receipted for in good order by consignees or their agents, and that the liability of this company as a common carrier hereunder shall cease on the arrival of the goods or property at the station or depot of delivery.   After such arrival the relation shall be that of warehouseman simply, and freight carried by this company must be removed from the station during business hours, within twenty-four hours after its arrival, or it will be stored at the owner's risk and expense.   In the event of the loss of any

property for which this company may be responsible under this receipt, the value or cost of the same at the point and time of shipment is to govern the settlement of the same.

"NOTICE.—In accepting this contract, the shipper, or the other agent of the owner of the property carried, expressly accepts and agrees to all its stipulations, exceptions and conditions."

| Marks and Destination. | No. Pk'gs. | Description of Articles. | Weight Subject to Correction. |
|---|---|---|---|
| J. M. Nall, | 1 | Box H. H. goods | 570 lbs. |
| Corinth, Ky. | 1 | Cook-Stove. | |
| | O. R. | Rel. | |
| | Paid on acc't, $7.70, | | |
| | McROBERTS, Agent. | | |

Defendant says that it safely transported said box of household goods and said cook-stove from said Macon, Missouri, to the terminus of its line of railroad at St. Louis, Missouri, and there delivered said goods, on or about March 3, 1883, to a connecting line for transportation to the place of destination, as aforesaid. Wherefore, having fully answered, defendant asks to be discharged with its costs in this behalf expended.

It appears, by the record, that the cause was tried before the court sitting as a jury, on the eighth of March, 1884. It also further appears that both parties, at the trial, relied on the special contract, or bill of lading, set up in and made a part of defendant's answer, as hereinbefore set out, but differed, it seems, as to its proper construction. It further appears that plaintiff testified in his own behalf, as follows: "I shipped one box and one cook-stove on the Wabash, St. Louis & Pacific Railway from Macon City, Missouri, on the twenty-sixth day of February, 1883, to be delivered at

Corinth, Kentucky.  *  *  *  The articles amounted in value to the sum of $81.66  *  *  *  I delivered the goods and stove above mentioned to defendant's agent, at their depot, in Macon City, Missouri.  I paid $7.70 freight charges to defendant's agent, and took his receipt for the same.  I sent that receipt to R. L. Mathews, my attorney, at Macon City, Missouri.  I have never received said goods, or any part of them.  I have never received any compensation for the loss of said goods, or any part of them.  I have frequently inquired for said goods at the railway depot at Corinth, Kentucky.  The last time about three months ago."

I. W. Nall, for plaintiff, testified as follows : "I saw the plaintiff deliver one cook-stove and one box at the depot of the Wabash, St. Louis & Pacific Railway in Macon City, Missouri, in February, 1883.  I saw the goods marked ; they were marked to Corinth, Kentucky. I can't state what all was in the box.  It was household plunder of various kinds.  The plaintiff has never received said goods, or any part of them, or any compensation for them."

The testimony on the part of defendant, as shown by the record, shows very clearly that, at the date of this transaction, defendant owned and operated a line of railroad from Macon City, Missouri, to St. Louis, Missouri.  That the latter point was the terminus of defendant's line, in that direction, and that it did not own or operate any line of railway extending southward or eastward from St. Louis to Corinth, Kentucky ; that the connecting lines between St. Louis, Missouri, and Corinth, Kentucky, were the St. Louis Transfer Company and the Cairo Short Line, and that the usual route of shipment of goods from Macon City, Missouri, to Corinth, Kentucky, was over the Wabash line to St. Louis, Missouri, and thence over the St. Louis Transfer Company and Cairo Short Line, to Corinth, Kentucky.  The testimony also shows that the goods in question were

promptly shipped from Macon City, Missouri, to St. Louis, Missouri, and there delivered to the St. Louis Transfer Company, and by it to the Cairo Short Line, for further transportation to Corinth, Kentucky, the point of destination, but were lost, and never came to hand, although frequently demanded. This was the substance of the evidence in the cause.

The plaintiff, it seems, asked no instructions, and the court gave none of its own motion. The defendant, however, asked the following instructions :

"1. The court sitting as a jury, declares that under the pleadings and evidence in this case, the plaintiff is not entitled to recover, and the finding and the verdict must be for the defendant."

"2. The court declares the law to be that a common carrier may, by special contract, limit either its common-law or statutory liability as such common carrier, and if the court finds from the evidence that the defendant, as a common carrier, entered into a special contract with the plaintiff on or about the twenty-sixth day of February, 1883, to transport over its line of road, for a certain reward or hire, the goods of plaintiff named in said special contract or bill of lading, from the city of Macon, Missouri, to the city of St. Louis, Missouri, and there deliver said goods to a connecting line, to be by it forwarded to Corinth, Kentucky, their ultimate destination, and further find from the evidence that the defendant properly performed all on its part to be performed under the terms of said contract, then the plaintiff cannot recover in this action, and the verdict must be for the defendant," which the court refused. The defendant thereupon duly excepted to the ruling of the court, in this particular, and this was the only exception made or saved to the rulings of the court, at the trial of the cause. The court thereupon found for the plaintiff and assessed his damages at the sum of $81.66, and entered judgment accordingly.

The defendant, after unsuccessful motions for new trial and in arrest of judgment, took an appeal, and the case is here as aforesaid.

A careful examination of the pleadings in the cause, as we understand them, will, we think, show that the issues in the cause do not involve a construction of the federal constitution or other federal questions, and that consequently we have no jurisdiction of the case; the amount involved being one hundred dollars only.

The petition, as we understand it, sets out the ordinary action at common law, alleging the delivery of certain goods to the defendant as a common carrier, at Macon City, Missouri, for shipment to Corinth, Kentucky, the subsequent loss thereof, and the failure of defendant to re-deliver them to plaintiff, at their destination, to his damage in the sum of one hundred dollars. The petition makes no reference whatever to section 598 of the Revision of 1879, either by reference to its title, the date of its passage, subject-matter or otherwise; nor does it state the facts necessary to invoke the liability or duty imposed by that statute, or, in any way, show that the same was in the mind of the pleader. The statute, therefore, has nothing whatever to do with the case made by the pleading, and is wholly foreign to the case at bar.

The answer of defendant, in substance, alleges that, by its contract of shipment, it was only bound to carry the goods to the end of its line, at St. Louis, Missouri, and then forward the same to plaintiff, by connecting lines, and avers that it fully performed its contract, in that behalf, and is not responsible for their subsequent loss.

The record, as we understand it, fails to disclose, with certainty, upon what the court below based its finding, in its determination of the cause. It gave no instructions whatever, and the only exception made or saved to its rulings, at the trial, was its refusal to give

the instructions asked by the defendant. That refusal may be accounted for upon either of several conjectures. The court, it is true, may have held that a common carrier could not limit its *statutory* liability, as such carrier; or that the action was an ordinary common-law action, upon a common-law contract, not based upon, or having any connection, whatever, with the statute in question; or it may have construed the contract of shipment to be a through contract, as is claimed by plaintiff, and not a limited one, as contended by defendant. Indeed, one of the reasons in defendant's motion for a new trial was: "5. Because the court erred in its *construction*, given the *contract of shipment*, or bill of lading, between plaintiff and defendant." It is true, another was: "7. Because the statute on which the court based its finding is unconstitutional, against public policy, and interferes and obstructs commerce between the citizens of different states."

From the view we have taken on the question of jurisdiction, it may not be our province to determine the theory on which the court below refused the instructions in question. But it is familiar law that, in a case like the present, an issue not made by the pleadings or in some other appropriate way cannot be thrust into the cause by the instructions asked by a party. 64 Mo. 246; 71 Mo. 517–518; 72 Mo. 213. And that a question, not passed upon by the lower court at the trial cannot afterwards be injected into the cause by motion for new trial in the lower court, or by assignment or brief in the appellate court, much less by a motion to transfer the cause from one court to another. For the reasons hereinbefore stated, we are of opinion that the cause should be re-transferred to the Kansas City court of appeals, for its adjudication, and it is accordingly so ordered. All concur.