THE WABASH WESTERN RAILWAY COMPANY, Respondent, v. F. A. SIEFERT, Appellant.

### St. Louis Court of Appeals, April 29, 1890.

1. **Practice, Appellate:** JURISDICTION. A cause will not be transferred from this court to the supreme court on motion of the appellant, on the ground that it involves the construction of the federal constitution, if it appears from the record that the appeal was granted to this court by the trial court upon motion of the appellant, and if it nowhere appears from the record that a question involving the construction of the federal constitution was raised in the trial court.

2. **Injunctions:** RESTRAINT OF THE EVASION OF DOMESTIC EXEMPTION LAWS THROUGH FOREIGN PROCEEDINGS. A citizen of this state has no right to purchase claims against resident employes of a domestic corporation and to sue thereon and garnish the corporation in a foreign state, when his sole purpose is thereby to evade our exemption laws, by subjecting to the payment of these claims indebtedness from the corporation to such employes which is exempted from process by the statutes of the state; and a citizen who engages in this practice may be restrained here by injunction from further prosecuting or instituting such foreign garnishment proceedings.

3. ———: ———: RIGHT OF GARNISHEE TO ENJOIN FOREIGN GARNISHMENT. Such injunction may be awarded at the suit of the corporation alone,—at all events in the absence of a demurrer in the trial court for a defect of parties, when the corporation is threatened with a multiplicity of vexatious garnishment proceedings of this kind.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*H. A. Loevy,* for appellant.

The courts of Illinois have jurisdiction of the subject-
matter, and their judgments against the respondent,
when it is summoned as garnishee, are valid, and will
protect it if sued for the same money by its employes.
Stat. Ill. 1874, ch. 33, sec. 26 ; *Railroad v. Crane,* 102
Ill. 249 ; *Roche v. County,* 2 Bradwell, 360 ; *Fielder v.
Jessup,* 24 Mo. App. 95 ; *Allenn v. Watt,* 79 Ill. 288.
The exemption of property is a personal privilege which
the defendant in the attachment suit may claim or
waive, as he sees fit. The garnishee cannot make the
claim for him. Thompson, Homestead & Ex., sec. 23 ;
*Osborne v. Schutt,* 67 Mo. 712 ; *Abernathy v. Whitehead,*
69 Mo. 30 ; *Broadstreet v. Clark,* 65 Iowa, 670. Laws
creating exemptions have no extra-territorial effect.
Thompson, Homestead & Ex., sec. 20 ; Freeman, Ex.
[ 2 Ed.] p. 607 ; Drake, Attach., secs. 597, 244*a* ; Waples
on Rem., p. 528 ; Story, Conflict Laws [ 8 Ed.] sec. 572 ;
Rorer, Inter-State Law, p. 53 ; *Lieber v. Railroad,* 49
Iowa, 688 ; *Broadstreet v. Clark,* 65 Iowa, 670 ; *Stevens
v. Brown,* 20 W. Va. 450 ; *Railroad v. Barron,* 83 Ill.
450 ; *Railroad v. Thompson,* 31 Kan. 180 ; *Morgan v.
Neville,* 74 Pa. St. 52. In this state attachment of wages
or other property of a non-resident is expressly author-
ized. R. S. 1889, sec. 539 ; *Steele v. Leonori,* 28 Mo.
App. 684. But in Illinois, Ohio and Kansas non-res-
idents of those states are entitled to the same exemption
as residents. *Railroad v. Barron,* 83 Ill. 365 ; *Rail-
road v. Maltby,* 34 Kan. 125 ; *State to use v. Knott,* 19
Mo. App. 152–3. For the expense and annoyance of
answering, the law provides that the respondent shall

receive compensation. In Illinois its fee must be paid at time of service. Starr & Curtiss, Ill. Stat. 1885, sec. 4, p. 1221. The injunction is in contravention of Constitution U. S., art. 4, sec. 2 ; Thompson, Home. & Ex., sec. 867 ; Cooley, Const. Lim. [ 5 Ed.] p. 21, n. 4 ; p. 492 ; *Ward v. Maryland*, 12 Wall. ( U. S.) 418 ( 430 ) ; *Morgan v. Neville*, 74 Pa. St. 52 ( 57 ). A non-resident of a state may sue another non-resident of that state in its courts. *Posey v. Buckner*, 3 Mo. 281 ; Drake, Attach., sec. 11 ; Const. U. S., art. 4, sec. 2 ; Thompson, Home. & Ex., sec. 20.

*George B. Burnett* and *George S. Grover*, for respondent.

The court below had complete and original jurisdiction of this cause, at the instance of respondent, in order to prevent a multiplicity of suits, and to suppress undue and vexatious litigation. R. S. 1879, sec. 2519, p. 423 ; Session Acts, 1885, p. 169 ; High on Injunctions, sec. 12, p. 9 ; 1 Story on Eq. Jur. [ 13 Ed.] pp. 70, 71 ; 2 Story on Eq. Jur. [ 13 Ed.] p. 211 ; *Wilson v. Joseph*, 107 Ind. 490 ; *Cunningham v. Butler*, 142 Mass. 47 ; *Snook v. Snetzer*, 25 Ohio St. 516 ; *Fielder v. Jessup*, 24 Mo. App. 91 ; *Teager v. Landsley*, 27 N. W. Rep. 739 ; *Hager v. Adams*, 30 N. W. Rep. 37 ; *Carsen v. Dunham*, 20 N. W. Rep. 312 ; *Keating v. A. R. T. Co.*, 32 Mo. App. 293 ; *Todd v. Railroad*, 33 Mo. App. 110 ; *Frazer v. Rice*, 47 Md. 205 ; *Dehon v. Foster*, 4 Allen ( Mass.) 575 ; *Railroad v. Maltby*, 34 Kan. 125 ; *State ex rel. v. Railroad*, 90 Mo. 166.

ROMBAUER, P. J.—The plaintiff filed its petition for an injunction stating in substance the following facts : It is a railroad corporation operating a line of railroads in the state of Missouri and other states, and as such employs a very large number of men in its business. It is provided by the laws of the state of Missouri

that the plaintiff cannot be charged as garnishee for wages due from it to its employes for the last thirty days' service. The defendant, who is a resident of the city of St. Louis, conspired and confederated with others, *for the purpose of harassing and annoying the plaintiff, and of depriving said employes of the benefit of said exemptions,* by purchasing claims against said employes, instituting proceedings in the states of Indiana and Illinois, and other states outside the state of Missouri, upon said claims against said employes, causing said plaintiff to be summoned as garnishee, and charging plaintiff as such garnishee *on account of the wages due from it to said employes for the last thirty days' service.*

The petition then proceeds to charge that, in pursuance of such conspiracy, the defendant and others have bought up a number of claims against the defendant's employes, and among others, against one Sparrow, a resident of the state of Missouri, and head of a family, and caused suits to be instituted thereon against said Sparrow in the state of Illinois, and caused the plaintiff to be garnished therein to appear and answer touching the amount due said Sparrow for wages earned by him *for the last thirty days' service as such employe of the plaintiff,* for the purpose and with the view of depriving said Sparrow of the exemptions given to him by the state of Missouri.

The petition also charges that this defense of exemption cannot be interposed in any other state, except the state of Missouri ; that the proceedings of the defendant are in fraud of the exemption laws of this state ; that, unless the defendant is restrained, it will subject the plaintiff to a *multiplicity of suits,* and to annoyance and expense, and that the plaintiff has no adequate protection at law. The petition prays that the defendant may be enjoined from further prosecuting the suits above mentioned, and from instituting *in any*

*state, other than the state of Missouri,* any proceeding or proceedings to charge the plaintiff as garnishee *on account of wages due from it, for the last thirty days' service, to any of its employes residing in the state of Missouri, who are heads of families.* Upon this peti-. tion a preliminary restraining order was granted.

The defendant filed an answer denying the allegations of the petition, and moved for a dissolution of the injunction. The court, upon a full hearing, made the injunction, as prayed for in the petition, perpetual.

The defendant filed a motion in arrest of judgment, stating among other grounds that the petition did not state a cause of action, and that the court has no jurisdiction of the subject-matter of the action, which motion was overruled, and thereupon the court, *upon the defendant's motion,* granted to him an appeal to this court.

After the return of the appeal to this court, the defendant moved for a transfer of the cause to the supreme court on the ground that it involved the construction of the constitution of the United States, which motion we overruled. As the defendant still insists that this cause is one of which the supreme court alone has appellate jurisdiction, we shall first proceed to state our reasons for overruling this motion for the transfer.

In *Nall v. Railroad,* 97 Mo. 68, which was transferred by the Kansas City Court of Appeals to the supreme court on the ground that it involved the construction of the constitution of the United States, and where one of the reasons assigned in the motion for new trial was that the statute on which the court based its finding was unconstitutional, the supreme court said : " A question, not passed upon by the lower court at the trial, cannot afterwards be injected into the cause by motion for new trial in the lower court, or by assignment or brief in the appellate court, much less by a motion to transfer the cause from one court to another,"

and ordered a re-transfer of the cause to the Kansas
City Court of Appeals. The reason for such a ruling is
very obvious. Constitutional objections, where they
affect the rights of parties to the suit only, may ·be
waived by them, as any other objections. Cooley's
Const. Lim., p. 181; *Baker v. Braman*, 6 Hill. 47;
*Lee v. Tillotson*, 24 Wend. 339; *People v. Murray*, 5
Hill. 468. Nothing shown by the record in this case
makes it appear that, if such an objection ever existed
( on which we need express no opinion), it was not fully
waived. The objection is not made in the defendant's
answer, nor in his motion in arrest, nor in his motion
for new trial, and the appeal *to this court* was granted
upon the defendant's own motion, although he must be
presumed to have been aware that this court has no
appellate jurisdiction of causes involving the construc-
tion of the constitution of the United States. Any
different ruling would lead to the result that any appel-
lant, who comes to this court upon his own motion,
may deprive it of its appellate jurisdiction in any cause
by simply asserting in a motion for transfer that the
cause involves the construction of the constitution.

We premise our observations on the merits of the
case by stating that no objection was made by the
defendant in the trial court to the petition for defect of
parties plaintiff. As the testimony is not before us, we
must assume that it was sufficient to establish all the
facts stated in plaintiff's petition, and such other facts,
whereof evidence was admissible under the statements
made in plaintiff's petition. The petition states several
grounds of unquestioned equity jurisdiction, to-wit, the
prevention of a multiplicity of suits, the prevention of
vexatious litigation, oppression and fraud. We do not
hesitate to say that the purchase of claims, which origi-
nate in this state and are not enforceable under its laws,
*with the sole purpose* of enforcing them in a foreign
jurisdiction, and thereby evade the exemption laws of
our own state, is an attempt to defraud the laws of the

state, and an attempt at oppression which justifies the interference of courts of equity. Here the petition charges, and we must presume the proof established, that these claims were bought *with the sole purpose of having them collected in foreign jurisdictions out of the employes' wages for the last thirty days' service*, and thus evade our own statute, which provides: "Nor shall any person be charged as garnishee on account of wages due from him to a defendant in his employ for the last thirty days' service ; provided such employe is the head of a family and resident of this state." R. S. 1889, sec. 5220.

The jurisdiction of a court of equity in this state to prevent a fraud of that character is unquestioned. It is not an attempt on part of the court to interfere with courts in other jurisdictions, but to restrain a defendant, who is within its own jurisdiction, from committing a wrong. 3 Pomeroy's Eq. Jur., sec. 1318 ; *Cunningham v. Butler*, 142 Mass. 47 ; *Snook v. Snelzer*, 25 Oh. St. 516 ; *Keyser v. Rice*, 47 Md. 203 ; *Missouri Pacific Ry. Co. v. Maltby*, 34 Kan. 125 ; *Engel v. Sheuerman*, 40 Ga. 206. Such jurisdiction has been frequently exercised in cases involving the identical question which is involved in this case, where the aid of the court was invoked by the defendant himself and not by the garnishee ( *Teager v. Landsley*, 27 N. W. Rep. 739 ; *Wilson v. Joseph*, 107 Ind. 490 ); and we have indicated repeatedly our views in approval of such holding. *Fielder v. Jessup*, 24 Mo. App. 91 ; *Todd v. Railroad*, 33 Mo. App. 110.

The only new question, which has not hitherto been directly passed upon, is whether the railroad corporation itself may invoke the aid of a court of equity for the protection of its employes, and for its own protection in cases of this character.

The defendant maintains that none of the plaintiff's rights are involved in this proceeding, that the judgment of a court of foreign jurisdiction is a complete

protection to it, and that, as garnishee, it is presumably awarded costs for the expenses it may incur in answering such suits. The proper answer to that argument is this : The plaintiff is threatened with a multiplicity of suits, each of which it is entitled to have enjoined by joining as a coplaintiff with the individual employe proceeded against. There is no demurrer for defect of parties in this case, and the suit is presumably prosecuted with the consent of the defendant in the attachment, as it is prosecuted for his benefit. The petition charges that the very object of these suits in other states is the vexation and harassing of the plaintiff. Equity deals with the substance of things and not their form, and to turn the plaintiff out of court, in order to compel it under these circumstances to institute a number of proceedings to enjoin each individual suit, which the defendant may see fit to bring, when the result of the proceedings would, under the views hereinabove stated, be the same as that reached in this proceeding, would, it seems to us, be losing sight of the substance, in order to give effect to the form.

All the judges concurring, the judgment will be affirmed.