Baldwin v. Fries.

BALDWIN v. FRIES, *Appellant.*

DIVISION ONE.

1. **Jurisdiction:** APPEAL. The supreme court has no jurisdiction of an appeal from a judgment for $575 in an action for slander, where no constitutional question is involved.

2. ———— : ———— : CONSTITUTIONAL QUESTION. In order to give the supreme court jurisdiction of an appeal upon the ground that a constitutional question is involved in the issues, it is not necessary that the particular provision of the constitution should be set out, but it must appear that such question was involved and that the trial court had an opportunity to and did pass upon it.

3. ———— : ———— : ————. A constitutional question cannot be injected into a cause for the first time in the appellate court by argument or brief of counsel.

*Certified from Kansas City Court of Appeals.*

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Crow & Robinson* and *Harding & Buller* for appellant.

*J. R. Shields* for respondent.

BRACE, J.—This is an action for slander tried in the circuit court of Jasper county in which the plaintiff recovered a judgment for $575, from which the defendant took an appeal to the Kansas City court of appeals, and the case certified here by the latter court as "involving the construction of provisions of the state constitution as shown by the briefs of counsel."

The slander charged in the petition was, that the said defendant "did say of plaintiff, in the presence of divers and sundry persons, that 'he (meaning plaintiff)

stole corn out of the pen of James McCall ; he (mean-
ing plaintiff) is a thief.' " The answer was a general
denial.

This court has no jurisdiction of this case, unless
upon the record it fairly appears that a question is
raised involving the construction of some provision
of the constitution, state or national. It is not neces-
sary that the particular provision of the constitution
should be set out, but it must appear that the constitu-
tional question was involved in the issues of the case, and
that the trial court had an opportunity to and passed
upon such question ; it cannot be injected into the cause
for the first time in the appellate court by argument or
brief of counsel. *Nall v. Railroad*, 97 Mo. 68 ; *State ex
rel. Campbell v. St. Louis Court of Appeals*, 97 Mo. 276 ;
*Railroad v. Siefert*, 41 Mo. App. 35. We find no such
question raised or passed upon by the trial court, upon
the face of the record in this case. The suggestion
of the existence of such a question in the case can be
based only upon the fact that counsel for appellant,
in their brief, in support of their argument upon propo-
sitions of law, cite in two instances a section of the con-
stitution.

The first instance is in their argument against the
instructions given for the plaintiff, in which the court,
in effect, instructed the jury that if they find that
defendant without cause spoke the slanderous words
charged in the petition of the defendant, that the law
presumes that they were spoken maliciously, and it
is not necessary to prove express malice or special
damage to warrant a verdict for the plaintiff, and that
no cause had been shown. The counsel contend that
the instruction was erroneous in that it took from the
consideration of the jury the question whether the words
were spoken maliciously. After citing several authori-
ties in support of their contention that the jurors must
be the judges, whether or not the words were spoken
with a malicious intent and mischievous effect, they add

in supposed support of their position, "and in slander cases the jurors are peculiarly the judges of both the law and the facts," citing article 2, section 14, of the constitution, providing that in all suits and prosecutions for *libel*, the truth thereof may be given in evidence, and *the jury, under the direction of the court*, shall determine the law and the fact.

The other instance occurs in the argument of counsel for appellant against the instruction for plaintiff, by which the jury were told that if they find that the words were spoken of the defendant by the plaintiff knowingly and wilfully, without just cause, they may give the plaintiff exemplary damages. They contend that this instruction was erroneous in that, oral slander of the character charged in the petition being punishable criminally by fine (R. S. 1879, sec. 1590), to give exemplary damages in such cases would be violative of section 8, article 11, of the constitution, by which it is provided that the clear proceeds of all penalties, forfeitures and fines collected in the several counties, *for any breach of the penal laws* of the state, shall go to the county public school fund.

This is the substance of all there is in the brief of counsel inviting a consideration of any provisions of the constitution. Their position has been set out simply for the purpose of showing, in addition to the fact that the record does not present a question involving the construction of the constitution, that counsel by brief have failed to inject such a question into the case, even if it were permissible for them to do so. Its transfer to this court was improvidently granted, and the cause is remanded to the Kansas City court of appeals to be proceeded with in regular course. SHERWOOD, C. J., and BLACK, J., concur.