## H. T. BENNITT, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals. April 7, 1891.

1. **Jurisdiction, Appellate.** This court has no recognizance of
questions arising under the constitution of the United States, and
cannot, for the purpose of determining its own jurisdiction, con-
sider whether such questions are fairly debatable.

2. **Presentation of Constitutional Question.** *Quære*, whether
a constitutional question was sufficiently raised in the case at bar
to require the transfer of the cause to the supreme court, when such
question had not been raised either by instruction, objection to
evidence, or motion for new trial.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

TRANSFERRED TO SUPREME COURT.

*B. Pike* and *Henry Herbel*, for appellant.

*J. Dickson* and *S. F. Andrews*, for respondent.

THOMPSON, J.—This is an action against a common carrier for damages for the loss of certain cotton, while in the hands of the carrier for transit. The cotton was shipped from a point in Texas, and was burned at Galveston, in the same state. The defendant, in his answer, pleads the following stipulation in the bill of lading, and claims exemption from liability thereunder: "The cotton aforesaid may pass through the custody of several carriers before reaching its destination, and it is understood, as a part of the consideration for which the said cotton is received, that the exceptions from liability made by such carriers respectively shall operate in the carriage by them respectively of the said cotton, as though inserted herein at length, and especially that neither of said carriers or his company shall be liable for loss or damage of any kind occasioned by delays from any cause or change of weather, or for loss or damage by *fire*, or for loss or damage on seas, lakes, canals or rivers."

The plaintiff, in his reply, pleads the following statute of Texas: "Railroad companies and other common carriers of goods, wares or merchandise, for hire, within this state on land, or in boats or vessels on the waters entirely within the body of this state, shall not limit or restrict their liability, as it exists at common law, by any general or special notice, or by inserting exceptions in the bill of lading, or memorandum given upon the receipt of the goods for transportation, or in any manner whatever, and no special agreement made in contravention of the foregoing provisions of this article shall be valid." R. S. Tex., art. 278.

To avoid the effect of this statute of Texas, the defendant takes the position that this is an interstate bill of lading; that, under the constitution of the United States, it is not competent for the legislature of a state to prescribe the terms of an interstate bill of lading, because so to do would be to assume to regulate commerce among the several states,—a power which the constitution of the United States has vested exclusively in congress; and that the circumstance, that the goods were lost within the state of Texas, and before they had passed beyond the boundaries of that state, does not take the case out of the principle. The position of the defendant is that, although by the opening clause of the bill of lading the defendant engaged to transport the goods only to Galveston and there deliver them to a connecting carrier, yet this is controlled by that part of the bill of lading, which states the destination of the goods as Greenville, Connecticut, and guarantees a through rate of freight at $1.13 per hundredweight. Whether the bill of lading, in view of all of its provisions, is an interstate contract of carriage, is a fairly debatable question. The defendant also takes the position that the contract is an entire thing, and that it cannot be severed for the purpose of holding that that part of it which relates to the transit in Texas is not an interstate contract, and hence governed by the state of Texas.

The defendant is entitled to have these questions decided by the only appellate tribunal in this state which can deal with the constitutional question, which arises in case it is decided that the defendant's construction of the contract is the sound construction. This court has no connusance of constitutional questions, not even for the purpose of determining, in considering the question of its own jurisdiction, whether such questions are fairly debatable. *State ex rel. Campbell v. St. Louis Court of Appeals*, 97 Mo. 276; *State v. Dinnisse*, 41 Mo. App. 23. I am, therefore, of opinion

that this cause should be transferred to the supreme court. As the constitutionality of the statute of Texas, as far as the same principle is applicable to interstate bills of lading, is not raised either by instruction, objection to evidence or motion for new trial, my associates are doubtful whether, under the rulings of the supreme court in *Nall v. Railroad*, 97 Mo. 68, and *Wabash Western Ry. Co. v. Siefert*, 41 Mo. App. 35, this case should be transfered to the supreme court. Yet they concur in this disposition of the case, as the supreme court is offered an opportunity to dispose of the question at once and finally upon a motion to remand. It is, therefore, ordered that this case be transferred to the supreme court.