J. G. HUTCHINSON & COMPANY, Appellant, v. MORRIS BROTHERS et al.; BRASSFIELD, Interpleader.

### Division Two, October 25, 1905.

1. **APPELLATE JURISDICTION: Constitutional Question: Nine-Jury Law: Verdict in Usual Form.** Where the court instructed the jury (at a trial had in 1901) that nine of their number could return a verdict, and the verdict was returned in the usual way, signed by the foreman alone, the constitutionality of the amendment to the Constitution authorizing three-fourths of the jury in a civil case tried in the circuit court to make a verdict, is not so brought in question as to give the Supreme Court jurisdiction over the appeal. To give this court jurisdiction on that ground it must affirmatively appear that the verdict was returned by a less number of jurors than the entire panel; otherwise, there is no necessity, either for the trial court or this court, to pass upon the constitutional question.

2. ———: **Verdict: Meaning.** A verdict, beginning with, "We the jury," and signed by the foreman, means a verdict by the entire panel.

3. ———: ———: **Burden.** The burden rests upon appellant to show that the verdict was rendered by a less number of jurors than the entire panel.

4. ———: ———: **Affirmative Showing.** Unless the record affirmatively shows that the verdict was rendered by a less number of jurors than the entire panel, the constitutionality of the amendment authorizing three-fourths to make a verdict, is not before the court.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Platt Hubbell* for appellant.

The court erred in giving interpleader's three-fourths verdict instruction. Girdner v. Bryan, 67 S. W. 699; R. S. 1899, sec. 1657; Boling v. Railroad, 67 S. W. 937; Watkins v. Edgar, 68 S. W. 87; Const., art. 15;

Edwards v. Lesueur, 132 Mo. 433; 6 Am. and Eng. Ency. Law (2 Ed.), 904; State ex rel. v. Powell, 77 Miss. 571.

*Hall & Hall* for respondent.

There was no constitutional question raised or passed upon by the trial court in any manner whatever, and the question cannot be raised for the first time in the appellate court by brief of counsel. Town of Kirkwood v. Johnson, 148 Mo. 632; Hulett v. Railroad, 145 Mo. 35; Browning v. Powers, 142 Mo. 322; Long v. Callaway, 134 Mo. 491; Turley v. Barnes, 130 Mo. 548; Bennett v. Railroad, 105 Mo. 642; Baldwin v. Fries, 103 Mo. 286; Railroad v. Seifert, 41 Mo. App. 35; Van Sandt v. Hobbs, 153 Mo. 655; St. Louis v. Brown, 155 Mo. 545; Coleman v. Cole, 158 Mo. 258; Parlin & Orendorff Co. v. Hord, 145 Mo. 119; Kirkwood v. Meramec Highlands Co., 160 Mo. 118; Clark v. Porter, 162 Mo. 523; Kansas City v. Baird, 163 Mo. 196.

FOX, J.—This suit originated before a justice of the peace of Grundy county, Missouri. The character and nature of this claim is thus briefly stated in the abstract of record:

"On September 15, 1899, J. G. Hutchinson & Co. filed in the justice court a complaint against Morris Brothers for a balance due of $82.51 for goods sold and delivered. At the same time the plaintiff duly sued out a writ of attachment against defendant, the grounds of attachment being fraudulent conveyance of property, fraudulent contracting of the debt and failure to pay the price of goods on delivery when, by contract, they were to be paid for on delivery. Personal service on Charles Morris, one of the firm of Morris Brothers, was duly had, and on September 15, 1899, the stock of goods in controversy was duly seized and attached as the property of Morris Brothers. On September 19, 1899,

John F. M. Brassfield duly filed an interplea in which he claimed said stock of groceries under a chattel mortgage executed to him on June 2, 1899, and alleged the value of the goods to be $500. There was a trial of the interplea in the justice court. Plaintiff prevailed there and interpleader duly appealed to the circuit court. This cause was tried at the regular February term, 1901, and, on February 23, 1901, the jury rendered the following verdict:

" 'We the jury find that interpleader John F. M. Brassfield was at the time of the levy of said attachment the owner of and entitled to the possession of the goods levied on by writ of attachment, September 15, 1899.—G. W. Fry, foreman.' "

Judgment was rendered by the court in accordance with the verdict and plaintiff prosecuted its appeal to the Kansas City Court of Appeals. At the October term, 1902, the Kansas City Court of Appeals, by order entered of record, transferred this cause to this court, on the ground that a constitutional question was involved and that the court was without jurisdiction to hear and determine it, and the record is now before us for consideration.

### OPINION.

The first proposition with which we are confronted is, upon the record before us, has this court jurisdiction to hear and determine this cause?

It is apparent from the record that the contention of appellant, that this court has jurisdiction, is based solely upon the assertion that the amendment to section 28 of article 2 of the Constitution, which provided that in all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict, is not self-enforcing, and is also void and inoperative, and the court in the trial of this cause having treated such amendment as being valid and in full force, therefore, appellant insists that a constitutional ques-

tion is involved and presented to this court for determination.

Does the record in this cause disclose that such constitutional question was involved? This is the sole question upon the proposition as to the jurisdiction of this court and it must be answered by the recitals in the record. The following instruction was given by the court, doubtless recognizing the validity of the amendment to the Constitution herein indicated:

"You are further instructed that the law permits three-fourths of your number to return a verdict; therefore, if nine or more of your number agree upon a verdict you may return the same."

Appellant duly preserved his objections and exceptions to this instruction and renewed his complaint as to all the instructions in the motion for new trial. The record further discloses that the case was submitted to the jury and they returned their verdict as follows:

"We the jury find that interpleader John F. M. Brassfield was at the time of the levy of said attachment the owner of and entitled to the possession of the goods levied on by the writ of attachment September 15, 1899.—G. W. Fry, Foreman."

It is upon these disclosures of the record that appellant insists that a constitutional question is involved and that this court has jurisdiction. We are unable to give our assent to this insistence. In order to give this court jurisdiction of this cause, upon the grounds contended for by appellant, and the reasons assigned for the transfer of it to this court, it must affirmatively appear from the record that the verdict was returned by a less number of jurors than the entire panel. Without this sort of a verdict there was no necessity for passing upon the constitutional questions by the trial court; hence, none would necessarily be involved as contemplated by the provisions of the Constitution conferring jurisdiction upon this court in causes of this class. This proposition has frequently attracted the attention of

this court and the rule is now well settled as to the essential disclosures of a record which presents to this court a constitutional question for its determination. In Parlin & Orendorff Co. v. Hord, 145 Mo. l. c. 119, the rule as applicable to this proposition was thus stated:

"But to give this court appellate jurisdiction on the ground that the case involves the construction of the Constitution of this State, the record must show that the point was raised in the trial court and the protection of the Constitution claimed by the losing party was denied him." [Holland v. DePriest, 130 Mo. 89; Lang v. Callaway, 134 Mo. 491; Hoyt v. Shelden, 1 Black 518; Maxwell v. Newbold, 18 How. 511; Sayward v. Denny, 158 U. S. 1. c. 184.]

To the same effect is Kirkwood v. Meramec Highlands Co., 160 Mo. 111. It was there properly ruled that "to confer upon the Supreme Court jurisdiction upon appeal from a circuit court upon the ground that a constitutional question is involved, it must affirmatively appear that the decision is necessary to the determination of the case, and that it was decided by the court below in violation of the Constitution, and adverse to the rights of the party who appeals." [Hulett v. Railroad, 145 Mo. 35; Live Stock Com. Co. v. Railroad, 157 Mo. 518.]

In Baldwin v. Fries, 103 Mo. 286, this court in announcing its conclusions in that case, thus stated the rule upon this subject:

"This court has no jurisdiction of this case, unless upon the record it fairly appears that a question is raised involving the construction of some provision of the Constitution, state or national. It is not necessary that the particular provision of the Constitution should be set out, but it must appear that the constitutional question was involved in the issues of the case, and that the trial court had an opportunity to and passed upon such question; it cannot be injected into the cause for

the first time in the appellate court by argument or brief of counsel.  [Nall v. Railroad, 97 Mo. 68; State ex rel. Campbell v. St. Louis Court of Appeals, 97 Mo. 276; Railroad v. Siefert, 41 Mo. App. 35.]''

In view of the disclosures of the record in this cause, measured by the rule indicated in the foregoing cases, which have been uniformly followed, we see no escape from the conclusion that this court has no jurisdiction of this cause.  It nowhere appears in the record that the verdict in this cause was returned by a less number of the jurors than the entire panel.

The mere giving of an instruction that a less number might return a verdict, falls far short of presenting a constitutional question; it must *affirmatively* appear from the record that such a verdict was in fact returned.  The verdict as it appears in the record, ''We the jury find,'' etc., signed by ''G. W. Fry, Foreman Jury,'' in the absence of any showing to the contrary, is only susceptible of one construction, and that is, that it was a unanimous verdict.  The terms, ''We the jury,'' if given their ordinary meaning, can only refer to the entire panel, and nothing appearing to the contrary, it must be presumed that, when the foreman recited in the verdict that the jury made a finding, it was the *jury* as ordinarily contemplated under the law; that is, a panel of twelve.

Appellant insists that the jury was not instructed as to the form of the verdict and as to whether there should be any difference in form as to a three-fourths or unanimous verdict.  Upon this contention it is only necessary to say that if appellant desired to present the constitutional question, the burden was upon them to have the record affirmatively show that this was not a unanimous verdict.  Appellant was aware of the instruction given, presumptively heard the verdict read, and it was imperatively his duty at that time, if there was any question as to whether the verdict was unani-

mous or otherwise, by timely suggestions to the court, to have the record settle it.

The concession of appellant in the brief now before us is a practical admission that the record is insufficient to show that a constitutional question is involved. The point is thus stated in the brief: ''Interpleader's three-fourths verdict instruction does not inform the jury as to the method of rendering a three-fourths verdict, and it is erroneous for this additional reason. The jury had no information in this subject, and, we can not tell whether it was a three-fourths verdict or a unanimous one.'' Here we have it clearly conceded that, even according to appellant's construction of the verdict returned, they are unable to tell whether it was a three-fourths or unanimous verdict. Adopting that view it fails to conform to the uniform rule announced that it must affirmatively appear ''that the decision is necessary to a determination of the case and that it was decided by the court below in violation of the Constitution and adverse to the rights of the party who appeals.'' The burden rests upon the appellant to point out in the record a verdict returned by a less number of jurors than the entire panel, before any constitutional question can be raised upon that ground.

If the verdict was unanimous the instruction was harmless, and there was no adverse ruling upon that question. If appellant, as he asserts in his brief, is unable to tell whether the verdict was unanimous or not, the basis of his contention that a Constitutional question is involved must fall. The claim of appellant is that under the Constitution he was entitled to have a verdict returned by the entire panel of jurors, and having failed to point out in the record where this claim was denied him, and practically admitting that he is unable to tell whether or not it was denied, the conclusion is inevitable that this court has no jurisdiction of this cause under the provisions of section 12 of article 6 of the Constitution of this State.

The amount involved in this litigation is less than one hundred dollars, and there being no constitutional question involved as disclosed by the record, it is ordered transferred to the Kansas City Court of Appeals.

All concur.