The State ex rel. Campbell v. St. Louis Court of Appeals.

---

THE STATE *ex rel.* CAMPBELL *et al.* v. THE St. LOUIS COURT OF APPEALS.

1. **Courts of Appeals, Jurisdiction of:** CONSTITUTIONAL QUESTION. Where a person claiming the exclusive right, under an ordinance of a city, to operate a ferry from such city to a point in Illinois, brings a suit for injunction against one interfering with his alleged right, and the defendant claims in his answer that such ordinance is in conflict with both the state and federal constitutions, a court of appeals has no jurisdiction of the appeal and it should go to the supreme court.

2. **Constitutional Question:** PRACTICE, CIVIL. In order to raise a constitutional question, it is not necessary to set out the sections of the constitution or to refer to them by their numbers.

3. ———: ———: COURT OF APPEALS. A court of appeals cannot take jurisdiction of a case involving a constitutional question on the ground that such question was not debatable, in that it had been previously decided by that court.

4. ———: ———: ———: PROHIBITION. Prohibition will lie from the supreme court to a court of appeals to prevent it from acting in a case of which it has no jurisdiction; and the writ may also require that the case be transferred to the supreme court.

*Prohibition.*

WRIT AWARDED.

The State ex rel. Campbell v. St. Louis Court of Appeals.

*Geo. D. Reynolds* for relators.

The appeal in the case should have been taken from the Madison circuit court to the supreme court, and not to the court of appeals, or having been erroneously taken there, it should (under the provisions of the act of 1885, p. 121) have been transferred to the supreme court, for four reasons : (*a*) The amount in controversy exceeds twenty-five hundred dollars. (*b*) The case is one involving the construction of the constitution of this state. (*c*) The case is one involving the construction of the constitution of the United States. (*d*) The case is one where authority exercised under the United States is drawn in question.

*J. B. Dennis* and *Dyer, Lee & Ellis* for respondent.

(1) There was neither in the answer filed in the circuit court nor in the return filed in the St. Louis court of appeals, any particular provision of the constitution of the United States referred to, and it would not have been noticed or considered in that court. In *Maxwell v. Newbold*, 18 How. [U. S.] 516, Chief Justice TANEY held in emphatic terms that the particular provision of the constitution relied on, must be referred to. with particularity, otherwise the question would not be considered in that court. *Farney v. Lowle*, 1 Black. 350 ; *Messinger v. Mason*, 10 Wallace, 507. (2) There was not raised, either in the answer or return, any question involving a construction of the constitution of this state fairly debatable in the St. Louis court of appeals. The provision of the state constitution referred to is article 4, section 53, which inhibits the legislature of the state from passing any local or special law granting to any corporation or individual exclusive rights, privileges or immunities. It is not pretended that appellant is claiming any right by, through or under any act of the legislature which was passed subsequent to the adoption of

the present constitution of Missouri.    It appears from
the record and is conceded that the charter of the city of
Cape Girardeau was  granted to it March 29, 1872,  and
whatever rights were conferred by that charter have not
been repealed in express terms by  the constitution of
1875 and are still in force.    *Van  Brown  v.  Sheppard,*
74 Mo. 310 ;  *City of Kansas  v.  Payne,*  71 Mo.   159 ;
*State ex rel. v.  Van  Every,* 75 Mo. 530.

BLACK, J.—The  prayer of  the petition is, that the
St. Louis court of appeals be  prohibited from taking
further cognizance of  the case of  Richard Carroll *vs.*
Campbell and Houck,  who are the  relators in this pro-
ceeding, and that that court be commanded to transfer
the cause to this court, on the ground that we alone have
jurisdiction.

From the pleadings, it appears the city of Cape
Girardeau passed an ordinance giving to Carroll the sole
and exclusive right to operate  a steam ferry-boat from
that city to the Illinois shore, and of  receiving and
landing passengers and property within the corporate
limits of the city, for the period of ten years.   Carroll
has a license for a like period of time from the local
authorities on the Illinois shore.   The city of Cape Gir-
ardeau refused Campbell and Houck a ferry license, and,
without a license, they put their steamboat in the  ferry
business in opposition to Carroll, receiving and landing
passengers within the corporate limits of the city.

Carroll commenced his  suit  in the circuit court
against the relators and procured a temporary injunction
restraining them from operating  their ferry-boat within
the limits of the city.   The venue of  the cause was
changed to Madison county.   The defendants answered
and also filed motion to dissolve the temporary injunc-
tion, and upon a  hearing the injunction was dissolved
and the petition dismissed.   On the fifth of October,
1886, Carroll gave bond and perfected  an appeal to the

St. Louis court of appeals. In that court, Carroll filed an information in the cause, stating that relators had violated the temporary injunction by running their ferry-boat after he had perfected his appeal. To a rule issued by the St. Louis court of appeals to show cause why they should not be attached for a contempt, the relators made formal answer, claiming, first, that the appeal from the judgment of the circuit court did not reinstate the temporary injunction ; second, that they had violated no process of the St. Louis court of appeals ; and, third, stating that the case was one involving the construction of the constitution of the United States and of this state, and that the supreme court alone had jurisdiction, and asked that the cause be transferred to this court. To this answer, Carroll filed a demurrer and the court took the matter under advisement. The court, in the meantime, heard the case on its merits, the relators insisting that the court had no jurisdiction of the appeal.

On the third of May, 1888, the court of appeals rendered a judgment reversing the judgment of the circuit court, and entered a judgment enjoining the defendants, relators here, from operating their ferry-boat ; and at the same time ordered an attachment for defendants, to the end that they be brought to the bar of the court to receive punishment for violating the temporary injunction issued by the circuit court. Thereupon the defendants commenced this proceeding.

The first and most important question to be determined is, whether the court of appeals had jurisdiction of the case of Carroll vs. Campbell and Houck on the appeal from the circuit court ; connected with that is a question of pleading. By section 12, article 6, of the constitution, and the amendment thereto, adopted in 1884, this court has jurisdiction "in all cases involving the construction of the constitution of the United States or of this state." In such cases, the appeal should be to this court, for it has exclusive jurisdiction in all

such cases.     Acts of 1883, p. 216, sec. 5.     By the act of
March  18, 1885 (Acts of 1885, p. 121), it is provided
that where an appeal is taken to either of the courts of
appeal, when it should have been allowed to this court,
the court of appeals must transfer the cause to this, the
supreme court.

Turning now to the record in the case of Carroll *vs.*
Campbell and Houck, we find that the city of Cape
Girardeau, by its charter passed in 1872, has "the
exclusive power and right to regulate, tax and license
all ferries within its limits " ; and under this power, the
city gave Carroll the exclusive ferry privilege for the
period of ten years.     The defendants, in their answer,
deny the power of the city of Cape Girardeau to grant
the exclusive right to plaintiff, admit the other essen-
tial statements in the petition, and then go on to say :
" And for a further answer, the said defendants say
that they run their boat between the states of Illinois
and Missouri, across the Mississippi river, and they, as
owners of said vessel, were engaged in the carrying
trade between the states and in the conveyance thereof ;
that their vessel was duly inspected and officered as
provided by the laws of the United States,' and that the
said attempt of said city of Cape Girardeau, by ordi-
nance, to create an exclusive right in said plaintiff to do
the ferrying business across the Mississippi at a point
to and within the jurisdictional limits of the said city of
Cape Girardeau, was, and is, an attempt to regulate
commerce between the states and violates the con-
stitution of the United States, and is, therefore, null
and void.     And for a further answer, the defendants
say that the said ordinance set out in the plaintiff's
petition is null and void because of its attempt to create
a monopoly and violates the provisions of the constitu-
tion of the state of Missouri, in that it attempts to create
an exclusive franchise."

These two defenses, thus set out in the answer, are

The State ex rel. Campbell v. St. Louis Court of Appeals.

brought forward and assigned as grounds for dissolving the temporary injunction, in the motion filed for that purpose. Indeed the questions thus raised are the only questions of law presented by that record. The constitution of this state says the general assembly shall pass no local or special law granting any "special or exclusive right, privilege or immunity" (sec. 53, art. 4) ; and the constitution of the United States gives congress power "to regulate commerce with foreign nations, and among the several states." That the pleadings were designed to and do raise the questions whether the ordinance, upon which Carroll founds his right, is in conflict with the before mentioned constitutional provisions is clear enough. It was not necessary to set out in the answer the sections of either constitution, or to refer to them by their numbers. The whole theory of our code of civil procedure is, that the parties must plead facts and the courts must apply the law to the facts pleaded and proved. It is enough that the record shows that in the disposition of the appeal there is involved the construction of some provision of the constitution of the United States or of this state. This will sometimes appear from the pleadings, and in actions at law it will often appear by the instructions given or refused, and probably in other ways. Looking to the answer in this case we are referred to the constitutional provisions before quoted with quite as much certainty as if they had been set out in words.

The court of appeals, when speaking of its jurisdiction to determine the question made in respect of the constitution of the United States, says: "We have uniformly held that such a question, in order to be considered with reference to jurisdiction * * * must be at least fairly debatable. The question, as here raised, is not debatable at all. It is set at rest forever, so far as this court is concerned, by our conclusions in the *City of St. Louis v. Waterloo-Carondelet T. & F. Co.,*

The State ex rel. Campbell v. St. Louis Court of Appeals.

14 Mo. App. 216." We cannot yield our consent to that disposition of the question. It is made the duty of this court to determine constitutional questions when they are fairly raised by the record, and that court is without jurisdiction in such cases, and hence its adjudications cannot set them at rest. This court will not give countenance to sham questions made for the mere purpose of giving this court jurisdiction of the whole case. But that is not the case here. Conceding to the city of Cape Girardeau the right, and the exclusive right, to license ferry-boats, and to make and collect reasonable wharf charges, and to regulate the landing of such boats ; still the ferry is one between different states, and therefore concerns commerce between the states ; and whether the city can say that this inter-state traffic shall be carried on by one person only, presents a question, to say the least of it, worthy of consideration.

But the present inquiry is not as to the merits of these questions or either of them, presented by the appeal. The inquiry is, does the record in the case of Carroll vs. Campbell and Houck, as lodged in the court of appeals, present a question involving the construction of the constitution of the United States, or of this state, and we have seen that it does; indeed, as before stated, they are the only questions in the case ; and it follows that the court of appeals is without jurisdiction to hear and determine the appeal.

Prohibition is a preventive, and not a corrective, remedy. Says High : " Where the proceedings which it is sought to prohibit have already been disposed of by the court, and nothing remains to be done either by the court or by the parties, the cause having been absolutely dismissed by the inferior tribunal, prohibition will not lie." High. Ex. Leg. Rem., sec. 766. But where the want of jurisdiction appears on the face of the proceedings, prohibition will lie after judgment, if anything remains to be done under the judgment.

The State ex rel. Campbell v. St. Louis Court of Appeals.

Lloyd on Proh. 12; High Ex. Leg. Rem., sec. 774. But in the present case the proceedings in the court of appeals are not at an end. The attachment for contempt has not been executed. The threatened judgment has been stayed only by the rule issued in the present case. Since, therefore, the relators have no other remedy, they are entitled to the writ of prohibition.

Our rule made on filing of the petition required the court of appeals to show cause why the case of Carroll *vs.* Campbell and Houck should not be certified to this court and the question is, whether the writ should contain a clause requiring that appeal to be transferred to this court. In general, it is not the office of prohibition to undo that which has been done. Its office, as before stated, is preventive. Lloyd, however, says, when speaking of this general rule: "But as the superior courts will interfere after execution, it follows that in such cases the writ must have a more extensive operation, and we find it so laid down in many of the old authorities." And further on he says: "Prohibition will in such cases have an effect similar to that of a writ of restitution, and must not only command the person to whom it is directed to surcease, but also to revoke what he has already done." Lloyd on Prohibition, 67. The principle asserted by this author may, we think, be applied to the present case. It should be applied with great care. But in the present case, the writ of prohibition is called into requisition, to some extent, in aid of our appellate jurisdiction. In view of this fact and since the writ must go, we conclude that, as an incident to its general command, it may contain a clause requiring the court of appeals to transfer that case to this court.

With this result we need not consider the other questions discussed in the briefs. The rule heretofore issued to show cause is therefore made absolute. BARCLAY, J., not sitting; the other judges concur.