105  299
84a 557
85a 244

105      299
173      323
175      187
105      299
177       85
e177      96

THE STATE *ex rel.* DUGAN v. THE KANSAS CITY COURT
OF APPEALS.

IN BANC.

Court of Appeals : JURISDICTION : CONSTITUTION.   Where one accused
of violating the local-option law defends on the ground that the
law is unconstitutional, the court of appeals has no jurisdiction
on appeal by defendant, notwithstanding the supreme court has
already declared the law constitutional

*Prohibition.*

RULE MADE ADSOLUTE.

*S. T. White* for petitioner.

( 1 )   Section 30, article 2, of the constitution pro-
vides, "That no person shall be deprived of life, liberty
or property without due process of law." This has
been universally construed to mean that every citizen
has a right to be heard, and his rights determined in a
court of competent jurisdiction. ( 2 )   The points raised
before the criminal court, also the Kansas City court of
appeals, were that the local-option law was not a gen-
eral law in that it was not uniform in its provisions to
all persons to be affected by it. ( 3 )   The decision
of this court, acquiesced in and approved by the St.
Louis court of appeals, denies the authority of the
Kansas City court of appeals to hear and determine
this cause, where the constitutional rights have been
asserted, as has been done in this case ; and any decis-
ion rendered by said court would be *coram non judice.*
*State ex rel. v. St. Louis Court of Appeals,* 97 Mo.
276 ; *State v. Dinnisse,* 41 Mo. App. 23.

MACFARLANE, J.—This is a proceeding by prohibition against the judges of the Kansas City court of appeals, to restrain them from hearing and determining a certain cause in which the state of Missouri is respondent, and relator, John Dugan, is appellant, and which cause is now pending in said court of appeals upon the appeal of relator from a judgment and sentence of the criminal court of Johnson county.

An alternative writ was issued from this court, and respondents have made return thereto. The writ charges, and the return admits, that relator was indicted, tried and convicted in the criminal court of Johnson county for the violation of what is popularly known as the "local-option law," in the city of Warrensburg, in which city it was charged that said law was in force; that, upon his trial in said court, relator defended upon the ground that said "local-option law" was repugnant to, and in violation of, the constitution of the state of Missouri, and that the constitutionality of the law was fully and fairly questioned upon the trial; that upon his conviction defendant, having filed in said criminal court the proper affidavit, prayed that an appeal be granted him to this court, which was denied him, and the transcript of the record and proceedings were ordered to be forwarded to the Kansas City court of appeals, which was done, and that respondents, the judges of said court, have taken cognizance of said appeal with a view of hearing and determining the same.

Relator insists that the Kansas City court of appeals has no jurisdiction of the appeal for the reason that the construction of the constitution of this state is involved therein.

Without undertaking to consider, and point out specifically, the provisions of the constitution, which are fairly involved in the record in this case, as appears from the writ and return, it is sufficient to say that the construction of this statute and its constitutionality

have been considered with great care by this court in the cases of *State ex rel. Maggard v. Pond*, 93 Mo. 606, and *Ex parte Swann*, 96 Mo. 44, from which decisions it appears that, when these cases were before the court, it was not only a question of serious consideration whether the act in question was constitutional, but there was a difference of opinion among the judges thereto. There can be no doubt, in the light of these decisions, that the record in this case raises questions which, in their first impression, involved serious questions, whether, under a proper construction of the constitution, the "local-option law" was valid.

Respondents do not insist upon the right to pass upon, or decide, any constitutional question involved in the case; but insist that there is no longer any question as to the constitutionality of the "local-option law," and no such question can be longer debatable.

The return contains a statement of the ground upon which respondents took jurisdiction of the appeal. They state that, "since the constitutionality of this law has been repeatedly upheld by the supreme court of this state, respondents considered the question put at rest, and no longer debatable, and that the raising said question was a mere sham and pretense, by which it was sought to have said cause transferred to and heard by the supreme court, and because thereof the motion to transfer was overruled."

By the express terms of the constitution, which defines the appellate jurisdiction of the courts of appeals and this court, the supreme court is given exclusive jurisdiction of appeals from circuit courts, and the courts having jurisdiction pertaining to circuit courts, in all cases "involving the construction of the constitution of the United States or of this State." Art. 6, secs. 12 and 5, of the amendment of 1884.

The question arises here whether this court is ousted of its appellate jurisdiction by reason of the fact that the precise question involved had been previously passed

upon by it. We are unable to understand how a valid constitutional provision can be set at naught by virtue of a decision which recognizes its validity. If there was, in the first instance, a fairly debatable question as to the constitutionality of the "local-option law," this court and no other had jurisdiction of the appeal. The decision of this court that the act was constitutional could not have the effect of eliminating from a subsequent case, involving the same question, the jurisdictional fact. The subject-matter, that is, the question to be decided, and not the result of the decision, gives the jurisdiction. The subject-matter of the suit attaches itself to the case the moment it is directly raised in the circuit court, and continues with the case, and as a part of it, unless subsequently withdrawn, until the case is finally determined. If an appeal is taken the jurisdiction is indelibly stamped upon the case, and cannot be expunged by previous decisions of the court upon the same question. When a fairly debatable constitutional right of a citizen is involved the provision of the constitution in question gives him the further right to have it tested in this court, and excludes all other appellate jurisdiction. The right to be heard cannot be denied him simply because the question involved has been decided adversely to some one else, or in some other case.

Substantially the same return was made to a writ of prohibition against the judges of the St. Louis court of appeals in the case of *State ex rel. Campbell v. St. Louis Court of Appeals*, 97 Mo. 281. This court in that case, speaking through BLACK, J., says: "It is made the duty of this court to determine constitutional questions when they are fairly raised by the record, and that court is without jurisdiction in such cases. * * * But the present inquiry is not as to the merits of these questions, or either of them, presented by the appeal. The inquiry is, does the record in the case of *Carroll v. Campbell & Houck*, as lodged in the court of appeals,

present a question involving the construction of the constitution of the United States, or of this state?"

Our conclusion is that the record in this case fairly presents a question involving the construction of the constitution of this state, and that fact gives to this court exclusive appellate jurisdiction of the case. What its decision of the question involved may be, does not affect the jurisdiction.

The rule to show cause is made absolute. Following the ruling in *State ex rel. Campbell v. Court, supra,* the court of appeals is directed to transfer the case to this court. All concur.