The State v. Dinnisse.

THE STATE, *Appellant*, v. DINNISSE.

DIVISION TWO.

1. **Constitution**: JURISDICTION: APPEAL TO SUPREME COURT. A constitutional question is involved which gives the supreme court jurisdiction of the appeal where a fairly debatable question is presented, whether the subject of an act of the legislature is clearly expressed in its title.

2. **Statute, Construction of**: GENERAL WORDS FOLLOWING PARTICULAR ONES. Where general words follow particular ones in a statute such general words should be construed as applicable to things of the same special class as the particular ones.

3. ————: ————: WILD CHERRY BITTERS. The act of the legislature of March 31, 1885 (R. S. 1889, secs. 3880–3882) does not protect the manufacturer of a liquid preparation used as a beverage and known as "Dr. Harter's Wild Cherry Bitters," since the words, "or other beverages," used in the act are to be construed as referring to the class known as "mineral" or "soda" waters.

*Appeal from St. Louis Court of Criminal Correction.*

AFFIRMED.

*B. D. Kribben* and *J. M. Holmes* for appellant.

(1)   The information states a sufficient case under the statute.   The words of the statute are broad enough to cover the bitters of the Harter Company.   Wild cherry bitters are not only stated in the information to be a beverage, but certainly must be classed as such under any conceivable definition of the term.   They come not only within the letter of the act, but within its spirit and are entitled to its protection.   (2)   The point that the act is unconstitutional because it embraces more than one subject in the title is not well taken. *City v. Green,* 7 Mo. App. 472; 8 Mo. App. 349; *Hannibal v. Marion Co.,* 69 Mo. 575; *Ewing v. Hoblitzelle,* 85 Mo. 71.

*John A. Talty* for respondent.

(1)   If the above-mentioned bill is constitutional it simply applies to siphons, bottles and boxes that are constantly used by manufacturers and dealers for the purpose of delivering their goods, and are then returned to them by the person who purchases from them.   It could not apply to bottles like those used by the Harter Medicine Company, for as a matter of fact when that company sells a bottle of its bitters it sells the bottle at the same time.   (2)   The act violates the constitutional provision that a bill shall contain but one subject, and that subject shall be clearly expressed in its title. The subject of the bill is not clearly expressed in the title as it should be, and besides the bill contains three or four different subjects.   *Ryerson v. Utley,* 16 Mich. 268; *City of Kansas v. Payne,* 71 Mo. 162; *People ex*

*rel. Failing v. Commissioners*, 53 Barb. 70; *Igo v. State*, 14 Ind. 239; Const., art. 4, sec. 28.

MACFARLANE, J.—The court of criminal correction of the city of St. Louis sustained a demurrer to the information for a misdemeanor under which defendant was prosecuted, and the state appealed to the St. Louis court of appeals. Upon objection, by the defendant, that a constitutional question was involved, the case was transferred to this court.

The prosecution was for violation of an act of the legislature passed and approved in 1885. The title to the act is as follows: "An act to protect the property of manufacturers, bottlers and dealers in mineral waters, soda water, and other beverages from the loss of siphons, bottles and boxes." Laws, 1885, p. 151; now R. S. 1889, secs. 3880, 3881, 3882.

I. The unconstitutionality of the act is urged upon the ground that its subject was not clearly expressed in the title, and also that the bill contained more than one subject.

The first question to be determined is, whether such a constitutional question is involved as gives this court jurisdiction of the appeal. Section 28, article 4, of the constitution provides that no bill (except a general appropriation bill) "shall contain more than one subject, which shall be clearly expressed in its title." Section 1 of the act in question provides that "All partnerships, corporate bodies, manufacturers and bottlers and dealers in mineral waters, soda waters or any other beverages whatsoever, who may use boxes, bottles, siphons, jugs or any other vessel upon which shall appear the name or names of the partnership, corporate bodies, dealers, manufacturers or bottlers, or other marks of ownership, stamped, engraved, cut, etched or in any other manner affixed thereon," might file with

the vendor a description of such boxes, bottles, siphons, jugs or other vessels, and of the name or names or marks of ownership of the same, and publish notice thereof. Section 2 provided that such description should be recorded, and a certified copy thereof, with a copy of the notice, should be *prima facie* evidence of title. Section 3 made it a misdemeanor for anyone without the written consent of the owner "to trade or traffic in, or to wilfully mar or erase the name or names, mark or marks thereon, or to wilfully break, destroy or otherwise injure any such box, bottle, jug or siphon so marked or stamped, a description of which shall have been filed and published as provided in the preceding sections or to fill the same with mineral water, soda water, or any other beverage whatsoever, for the purpose of sale or traffic."

It is evident the purpose of the act was to protect manufacturers and dealers in mineral waters, soda waters, and other like beverages, in the use of distinguishing trademarks, stamped, engraved, cut or etched upon the box, bottle or jug in which such beverages are sold. It is evidently a question of some doubt whether this purpose or any other is clearly expressed in a title as meaningless as the one given to this bill. It is difficult to see how the property of dealers in mineral waters is protected from the loss of their siphons, bottles and boxes by the provisions of the bill.

It appears to us evident that the title has been incorrectly copied and that the word "*loss*" was substituted for the word "*use*" in some stage of the legislation on the subject. To reject the words of the title "the property of" as surplusage, and substitute the word "use" for "loss," and the subject of the act is very clearly expressed. Without inquiring whether proper rules of construction would permit such rejec-

tions and substitution we can say that a fairly debatable constitutional question is involved, and this court has appellate jurisdiction of the case.

II.   This information charges the misdemeanor to have been committed June 5, 1889, before the statutory revision of that year went into effect.  The alleged offense was, therefore, committed while the original act was in force.   That act was revised, amended and re-enacted as a part of article 8, chapter 47, of the Revised Statutes of 1889, under the general subject of "Crimes and punishments."   That would seem to be a sufficient general title for the whole chapter.  *State v. Brasfield*, 81 Mo. 162.   Probably no other prosecutions will occur under the original bill, and the view we take of this information will make it unnecessary to pass upon the constitutional question.

The act purported to protect dealers, bottlers and manufacturers of "mineral waters, soda waters, or any other beverages whatever."   According to a familiar rule of construction where general words follow particular ones, they should be construed as applicable to the things of the same general class as the particular words by which they were preceded.  *State v. Gilmore*, 98 Mo. 213; *State v. Bryant*, 90 Mo. 536; *State v. Edwards, ante*, p. 315.

The words "any other beverages whatever" must, under this rule, be construed to mean beverages of the same general kind as mineral and soda waters.   The information does not charge that the "Dr. Harter Medicine Company" was a manufacturer, bottler or dealer in mineral waters, soda waters or any other beverages of that kind.   From what is charged in the information it may be implied that the company was engaged as bottlers of a liquid preparation used as a beverage and known as "Dr. Harter's Wild Cherry Bitters," but it cannot be implied that this preparation

was a mineral or soda water or drink of a similar kind. Indeed "bitters" in the ordinary acceptation of the word means a spirituous liquor, and not a drink or beverage of the kind or class known as mineral or soda water.

The demurrer to the information was properly sustained. Judgment affirmed. All concur.

