THE JOPLIN CONSOLIDATED MINING COMPANY, Respondent, v. THE CITY OF JOPLIN et al., Appellants.

### St. Louis Court of Appeals, March 22, 1892.

Appeals : JURISDICTION. The merit of a constitutional question, raised upon the record, is a matter of which this court has no jurisdiction ; though this court deems the question trivial and settled by frequent decisions, it must, nevertheless, certify the cause to the supreme court for determination. And it is immaterial that this court might decide the cause without considering such question.

*Appeal from the Newton Circuit Court.*

CERTIFIED TO THE SUPREME COURT.

*J. W. McAntire*, for appellants.

*E. O. Brown*, for respondent.

THOMPSON, J.—A study of this record and of the argument submitted satisfies us that a constitutional question arises upon the record, which requires us to transfer the cause to the supreme court. The action is a suit in equity to enjoin the city of Joplin, a city of the third class, from constructing a sewer through and across certain lands of the plaintiff, so as to cause it to debouch into a shallow creek at such a place that the sewage in time of high water will, it is alleged, overflow the lands of the plaintiff, and otherwise create a nuisance injurious to the same. Among other things, the petition alleges "that said defendant proposed to construct said public sewer without first ascertaining and paying, as the law requires, to the plaintiff such just compensation for the land so appropriated, and such damages as the plaintiff will sustain by reason thereof." The answer justifies the action of the city under an ordinance, pleaded in the answer, by which the council of the city of Joplin undertook to condemn for public use the strip of land belonging to the plaintiff which is to be appropriated by the sewer. This ordinance was entitled "an ordinance to acquire a right of way for public sewer, and to condemn a strip of land, ten feet wide, across the southwest quarter of the northwest quarter of section number 2, township 27, range 33, in Jasper county, Missouri, for public use and for said purposes." When it was offered in evidence by the defendant, counsel for the plaintiff objected to it, "for the reason that the ordinance is *void on its face* * * *; and further that it is an attempt to take the property

The Joplin Mining Co. v. The City of Joplin.

of a citizen *without due process of law.*" The court overruled this objection, but finally entered a decree for the plaintiff, making the injunction perpetual. The decree recited that the court found "that the said city of Joplin, by its officers, agents and employes, and the said James Pryor, by his servants, agents and employes, are *wrongfully, unlawfully and without authority of law, and in violation of the plaintiff's rights,* constructing a public sewer across, over and through the southwest quarter," etc. (describing the plaintiff's land). From the decree thus rendered the defendants prosecute the present appeal.

In support of this decree the respondent raises in this court the constitutional proposition, that the ordinance undertaking to condemn the strip of land in question was not a valid exercise of the power of the city of Joplin, for the reason that, under the constitution of this state (sec. 20, art. 2), the question, whether the use for which lands may be condemned is a public use, is a judicial question, which question a mere legislative body had no jurisdiction to determine; and for the further reason that the proceeding was *ex parte* and without notice to the defendant (except in so far as concerns the assessment of damages), and, hence, that it is a deprivation of property without due process of law within another constitutional provision. Constitution, art. 2, sec. 30. It may be added that any argument, which can raise a constitutional question on the theory that the ordinance is a deprivation of property without due process of law, equally raises a question under the fourteenth amendment to the constitution of the United States.

The appellants in a printed reply to the respondent's printed argument do not take the position that no constitutional question arises upon the record, but argue as follows : "The constitutional provisions, invoked by respondent, have not been violated by the city in its

efforts to build a public sewer over a portion of respondent's land. It passed an ordinance to condemn the strip of land over which it sought to build the same. That is not claimed to be the taking of land, except in the argument of respondent." And the appellants further argue that, as the city gave notice to the respondent that commissioners or freeholders would be appointed to assess the damages as officers of the respondent appeared before such freeholders; as the respondent took an appeal from the award of damages made by such freeholders, which appeal is still pending, it has had its day in court, and the courts have been open to it. This, it is perceived, is not an argument that the constitutional question does not arise upon the record, but it is an argument directed to the merits of the question itself.

The merit of a constitutional question, when raised upon the record, is a matter of which this court has no jurisdiction. We may regard the question as untenable, or even trivial. The supreme court may have decided it against the party raising it again and again, and yet, under the recent holdings of that court, we are bound to certify it to that court for determination. *State ex rel. v. St. Louis Court of Appeals*, 97 Mo. 276; *State ex rel. v. Kansas City Court of Appeals*, 16 S. W. Rep. 353.

Nor can it be argued against the view, that we have no cognizance of this cause by reason of the raising of this constitutional question, that the record does not disclose that it was raised anywhere in any distinct manner in the court below. The constitution need not be *pleaded*, in order that its protection may be invoked; it is a part of the law of the land; and when an objection is made which necessarily appeals to a right under it, that is a sufficient raising of it on record for jurisdictional purposes; and such, we think, was the objection that the ordinance was a taking of the plaintiff's property without due process of law." Moreover,

the constitutional question is insisted upon in this court by the respondent, who is arguing in support of the judgment of the court below. The record does not disclose the precise reasons upon which the learned judge of the court below proceeded. The circuit courts are not bound to state upon their records the legal theories or reasons upon which the judges proceed in giving their judgments. But certainly we cannot draw from the language of the decree, that the defendants are proceeding "wrongfully, unlawfully, without authority of law and in violation of the plaintiff's rights," the conclusion that the circuit court did *not* render its decision in favor of the plaintiff on constitutional grounds.

Nor is it material that we might steer around this constitutional question, and decide the case one way or the other without considering it. We take the view that, where a constitutional question is properly raised upon the record before us, and presented to us for decision, that ends our jurisdiction and requires us to transfer the cause to the supreme court. We take the view that, in such a case, it is immaterial that we might decide the cause without considering the constitutional question,—our view being that, in order to the full, free and proper exercise of our appellate jurisdiction in any case, we ought to have as large a power to decide every question arising upon the record as was possessed in the particular case by the circuit court.

We naturally feel some delicacy,—perhaps timidity,—in proceeding to the decision of the merits of a case where a constitutional question is raised in the arguments submitted to us and discussed by counsel for both parties, in view of the fact that our decision on the question of jurisdiction does not dispose of our own jurisdiction merely, but that it assumes to dispose of the jurisdiction of the supreme court; for, if we have no jurisdiction of the appeal, then the jurisdiction of

the supreme court over it is exclusive. We have, therefore, in all cases which seemed to us to be doubtful, taken the view that we ought not to proceed without first taking the opinion of that court on the question of jurisdiction. And, even in cases where our jurisdiction seemed to us to admit of no doubt, we have discovered our error upon receiving writs of prohibition from the supreme court, staying our judgments *after their rendition*. We, therefore, feel justified in declining to proceed to the decision of the merits of this appeal, until the supreme court have decided that we have jurisdiction so to proceed.

It is, therefore, ordered that this cause be transferred to the supreme court. In this disposition of it all the judges concur.