The State of Missouri *ex rel.* A. F. Mispagel, Collector of St. Charles County, Appellant, v. Henry Angert, Jr., Respondent.

### St. Louis Court of Appeals, March 21, 1893.

Appeals: JURISDICTION: CONSTRUCTION OF REVENUE LAWS. Whether a delinquent tax, assessed by a drainage district, and extended on the general tax books of the county, can be enforced by the collector of the county by reason of the provision of the statute requiring him to enforce all taxes against lands contained in the back tax book, is a question which involves the construction of the revenue laws of the state, and the supreme court, therefore, has exclusive jurisdiction of an appeal which raises it.

*Appeal from the St. Charles Circuit Court.*—Hon. W. W. Edwards, Judge.

Transferred to supreme court.

*Theodore Bruere* and *C. Daudt*, for appellant.

*C. W. Wilson*, for respondent.

Rombauer, P. J.—The plaintiff, who is the collector of the revenue in St. Charles county, sues under

The State ex rel. Mispagel v. Angert.

the provisions of section 7681 of the Revised Statutes of 1889 to enforce a drainage tax against the defendant's land. The petition recites the legal organization of a drainage district in St. Charles county under the general statutes of the state, the levying of taxes by said district on defendant's land within the district, the extension of such taxes on the tax books by the county clerk, and the defendant's delinquency in paying the taxes. The petition then prays for the judgment provided for in the applicatory section of the revenue law.

The defendant demurs to the plaintiff's petition on the ground, among others, that under the law the taxes sought to be enforced as a lien do not constitute a lien against the lands, and that the plaintiff has no legal capacity to sue. This demurrer the court sustained.

The revenue laws of the state require the collector to enforce by suit all taxes against lands contained in the back tax book. Whether a tax assessed by a drainage district, and extended on the general tax book of the county, can be thus enforced by him, is the main question raised by the defendant's demurrer. This necessarily involves the construction of the revenue laws of this state, and makes a case of which the supreme court has exclusive appellate jurisdiction. Whether there are any merits whatever in the question thus raised, is for the supreme court to decide in the first instance. *State ex rel. v. St. Louis Court of Appeals,* 97 Mo. 276.

Ordered that the cause be transferred to the supreme court, and that the clerk forthwith send the transcript herein with a copy of this order of transfer to the clerk of that court. All the judges concur.