THE CITY OF SPRINGFIELD TO THE USE OF THE CEN-
TRAL NATIONAL BANK OF SPRINGFIELD, MISSOURI,
Appellant, v. MATILDA G. WEAVER *et al.*, Respond-
ents.

St. Louis Court of Appeals, April 21, 1896.

1. **Jurisdiction, Appellate:** CONSTITUTIONAL QUESTION. A cause
appealed to this court must be transferred to the supreme court, if,
in any contingency, the determination of a constitutional question
presented by the record may become necessary.

2. ————: ————. Accordingly, though the constitutional question was
raised by the respondent and he was successful on a ground which
did not involve it, the transfer will, nevertheless, be made if the
constitutional question would remain for consideration by this court
in case there were error in favor of the respondent in other respects.

*Appeal from the Greene Circuit Court.*—HON. J. T.
NEVILLE, Judge.

TRANSFERRED TO SUPREME COURT.

*Goode & Cravens* and *Massey & Tatlow* for appel-
lants.

*Barbour & McDavid* for respondents.

ROMBAUER, P. J.—The suit is upon a special tax
bill. The judgment in the trial court was for the
defendants. The plaintiff appeals and assigns numer-
ous errors which we can not consider, since we must
conclude that a constitutional question is raised upon
the record, which deprives us of jurisdiction of the
appeal.

The abstract of the record recites that, before the
introduction of any evidence, the defendant made the

objection "that the entire law of cities of the third class authorizing them to assess the abutting property owners on the street for improvements upon such street is unconstitutional and void, because it makes no provision whatever for any kind of notice to the property owner to make it a lien upon the land." This objection was by the court overruled, and the defendant at the time duly excepted. The court upon the request of the plaintiff made a special finding of law and facts, among which is found the following: "The defendants contend that the law governing cities of the third class is in this particular unconstitutional in taking and fixing a lien upon defendants' property without notice and due process of law. I don't consider this an open question, and hold otherwise."

It will be thus seen that the constitutional question has been fairly raised upon the record, and adjudicated by the court. As the decision of the court was in favor of the defendants upon the merits, they do not urge any exceptions to the ruling of the court on that point. It is evident, however, that if we should conclude that the judgment of the court on the merits is wrong, we would necessarily have to pass on the constitutional question thus raised before reversing the judgment, and this we are powerless to do.

According to the view of the supreme court, every case involves a constitutional question where such question is properly raised upon the record, regardless as to whether the party raising it has any interest in the question raised. In *State ex rel. v. Macklin*, 41 Mo. App. 335, which was a proceeding by *quo warranto*, the defendants challenged by demurrer the constitutional validity of the act, *under which they claimed title;* that is to say, they set up a defense which, if true, conclusively established their own illegal holding. Under these circumstances we refrained from expressing an

opinion on the question, since a decision in favor of the defendants upon the demurrer would necessarily result in a decision adverse to them on the merits. We also refrained from entering judgment upon the merits until the supreme court, on another branch of the same litigation, had passed on the constitutional question involved. Notwithstanding all this, we were prohibited by the supreme court from carrying our judgment into effect, on the ground that the case did involve a constitutional question and hence we had no jurisdiction of the litigation. *State ex rel. Macklin v. Rombauer*, 104 Mo. 619; *State ex rel. Rogers v. Rombauer*, 105 Mo. 103. Since the supreme court in *State ex rel. Dugan v. Kansas City Court of Appeals*, 105 Mo. 299, decided that a constitutional question is never set at rest by its own decisions, we must consider the question raised in this case an open one, notwithstanding the declaration of the trial court to the contrary. See, also, *State ex rel. Blakemore v. Rombauer*, 101 Mo. 499, and *State ex rel. Campbell v. St. Louis Court of Appeals*, 97 Mo. 276.

It results from the foregoing that the only disposition we can make of the case is to transfer it to the supreme court as being one within its exclusive appellate jurisdiction.

Ordered that the clerk do at once transmit all the papers in this cause to the supreme court, accompanied by a copy of this order of transfer. All the judges concur.