STATE OF MISSOURI ex rel. E. C. CROW, Attorney-General,
Relator, v. S. L. KRAMER, Respondent.

### St. Louis Court of Appeals, January 3, 1899.

Contested Election: JUDICIAL POWER.    Since it is contended by the
    attorney-general that neither the general assembly of the city of St.
    Louis, the mayor nor comptroller of said city can be vested with
    judicial power and are constitutionally inhibited from deciding a
    contested election or a tie vote for justice of the peace, thus raising
    a constitutional question, this case is transferred to the supreme
    court.

TRANSFERRED TO THE SUPREME COURT.

E. C. CROW, Attorney-General.

Taking the official oath is a sufficient user of the office
to support this proceeding to oust respondent therefrom.
Rex v. Tate, 4 East. 337; People v. Callaghan, 83 Ill. 128;
State ex rel. v. Meek, 129 Mo. 436.    Justices of the peace
shall be elected in this state by ballot by the qualified voters
of the several townships and justice of the peace districts.
Art. 8, sec. 3, Const. of Mo.; Sess. Acts, 1891, p. 175; R. S.
1889, sec. 6090.    The respondent must rely wholly on the
strength of his title to the office, and not having been elected
thereto by the qualified voters of the district, his right to
hold the office must depend entirely upon the terms of the

instrument issued to him by the mayor of the city of St. Louis; and that instrument, in turn, can be of no validity unless it is expressly authorized by a valid statute, and shows on its face a full compliance with all the requirements of the statute authorizing it. State v. Wilkinson, 23 Neb. 716; Beck v. Board of Elec. Coms., 61 N. W. Rep. 346; State ex rel. v. McGann, 88 Mo. 390; State ex rel. v. Townley, 56 Mo. 107; State v. Adams, 2 Stew. (Ala.) 231; State ex rel. v. Vail, 53 Mo. 97; State ex rel. v. Mason, 77 Mo. 189; High, Ex. Leg. Rem., sec. 229. Section 6099, of the Revised Statutes of Missouri 1889, provides, "When two or more persons shall have an equal number of votes for justice of the peace for any township, or there is a contested election, the county court shall decide the same." This section clearly can not apply to the city of St. Louis, where, in August, 1876, by the adoption of the scheme and charter, the people abolished the county court and did away with the machinery of a county government over the district within which the election herein referred to was held. The act of April 27, 1877, a part of the third section of which is incorporated in section 6092, Revised Statutes 1889, could not vest in the mayor and city register, or either of them, the power conferred by section 6099 on the county court. State v. Lobsinger, 7 Mo. App. 108; art 8, sec. 9, Const. of Mo.; Art. 6, sec. 1, Const. of Mo.; State ex rel. v. Albin, 44 Mo. 348, 349; State ex rel. v. Slover, 134 Mo. 20.

BLAND, P. J.—At the November election, 1898, Siegmund L. Kramer and James Griffin were candidates for the office of justice of the peace for the fourth district of the city of St. Louis. A canvass of the vote by the board of election commissioners showed that Kramer received three thousand seven hundred and sixty-six votes, and that Griffin had received the same number of votes. This canvass was certified by the board of election commissioners to the clerk

of the circuit court of the city of St. Louis, who in turn certified it to the mayor.   On receipt of the canvass by the mayor, a failure to elect a justice of the peace for the fourth district, on account of a tie vote between Kramer and Griffin appearing, the mayor on the twenty-eighth day of November, appointed Kramer to the office, who immediately qualified under his appointment.   The attorney-general has by a *quo warranto* proceeding begun in this court challenged the right of Kramer to hold the office under its appointment.

Respondent has waived all technical objections to the petition and to the procedure, and submits his title to the office on the merits of the mayor's certificate of selection or appointment.   In support of the validity of his appointment by the mayor, respondent relies on the following sections of the General Statutes (R. S. 1889), to wit:

"Sec. 6099.   County Court to Decide Election of, When.—Whenever two or more persons shall have an equal number of votes for justices of the peace for any township, or there is a contested election, the county court shall decide the same."

"Sec. 6092.   Number of Justices—City of St. Louis— Mayor and Register to Perform Certain Duties.—The city of St. Louis is hereby divided into fourteen districts for the election of justices of the peace, viz.:   *   *   *   and all powers and duties now conferred by law on the county court and county clerk, respectively relating to justices of the peace, shall, in the city of St. Louis, be vested in the mayor and city register:   Provided, that the judges of the circuit court, the probate court and the criminal court of the city of St. Louis, or a majority of them are hereby empowered to conform the justices' districts to the present wards, and to redistrict said city agreeably to any law that may be passed, changing the number of such districts."

Section 23, article 9 of the constitution declares that "all acts and parts of acts which provide for the performance

of any duty or trust by any county court in this state, shall also include the municipal assembly and the mayor and comptroller of the city of St. Louis. Query. Does this constitutional enactment confer upon the officers therein named the right, power and duty to decide a tie vote and election contest for justices of the peace in the city of St. Louis? Section 1, article 5 of the constitution vests the judicial powers of the state, as to matters of law and equity, in the courts therein named, and it is contended by the attorney-general that neither the general assembly of the city of St. Louis, the mayor nor comptroller of said city can be vested with judicial power, and are constitutionally inhibited from deciding a contested election or a tie vote for justice of the peace. State ex rel. v. Kansas City Court of Appeals, 105 Mo. 299. The restricted jurisdiction of this court prohibits us from deciding these questions, and imposes the constitutional duty upon us, when a constitutional question is raised, to transfer the case to the supreme court for decision. In obedience to that constitutional mandate, we transfer the case to the supreme court.

All concur. Judge Biggs concurs in a separate opinion.

## SEPARATE OPINION OF JUDGE BIGGS.

Section 6099, Revised Statutes 1889, provides that when two persons receive an equal number of votes for justice of the peace, the county court shall decide the same. Section 6092, concerning justices of the peace in the city of St. Louis, provides that "all powers and duties now conferred by law on the county court and county clerk, respectively, relating to justices of the peace, shall, in the city of St. Louis be vested in the mayor and city register." The objection made by the attorney-general to the latter section is, that it undertakes to clothe the mayor of the city with

judicial powers, which under the constitution is vested solely in the courts of the state. This objection is answered by the supreme court in the case of Lewis v. Mayo, 12 Mo. 128, where it is decided that such a jurisdiction, namely the right to cast the deciding vote, is purely ministerial.

The contention in the Mayo case was that as the constitution provided that clerks of courts of record should be elected, the act of the legislature authorizing the county court to determine such an election in case of a tie, violated the elective principle, and that the act was therefore unconstitutional. The constitutionality of the law was upheld in a very lucid opinion written by Judge Napton. The same constitutional question is in the present case, since the constitution provides for the election of justices of the peace. Concerning the jurisdiction of this court, the supreme court has decided that a constitutional question is never settled however often the supreme court itself may have passed on the identical question. I therefore concur in the order transferring the case to the supreme court.