MAGGIE COLLINS, Appellant, v. THE GERMAN-AMERICAN MUTUAL LIFE ASSOCIATION OF BURLINGTON, IOWA, Respondent.

### St. Louis Court of Appeals, May 26, 1900.

1. **Mutual Life Associations**: CORPORATIONS: STATUTORY CONSTRUCTION: RETROSPECTIVE LEGISLATION. The amendment to section 5869, Revised Statutes 1889, approved March 15, 1897 (Session Acts 1897, p. 129), intending to subject all corporations insuring on the assessment plan to a provision whereby "in suits brought upon life policies, heretofore or hereafter issued, no defense based upon misrepresentation in obtaining or securing the same, shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiff, the premium received on such policies" is in terms retrospective as well as prospective.

2. ———: ———: INSURANCE CONTRACT: CONSTITUTION, CONSTRUCTION OF. And by the terms of the foregoing statute, the legislature has undertaken to read into the contract upon which the insurance was based, a new condition substantially altering the rights of the insurer, and is in violation of article 2, section 15 of the Constitution of Missouri, prohibiting the General Assembly from enacting any law impairing the obligation of contracts, or retrospective in its character.

3. ———: ———: ———: JURISDICTION OF APPELLATE COURT: CONSTRUCTION OF CONSTITUTION OF MISSOURI AND OF THE UNITED STATES. The delimitation of jurisdiction between this court and the Supreme Court allots to the latter tribunal exclusive appellate jurisdiction in all cases involving the construction of the Constitution of the United States, or of the State of Missouri.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

TRANSFERRED TO THE SUPREME COURT.

*O. J. & R. Lee Mudd* for appellant.

*Wm. C. & Jas. C. Jones* and *E. S. Huston* for respondent.

BOND, J.—Plaintiff is the beneficiary in a benefit certificate on the life of Anna S. Collins, who died sixteenth of January, 1897, in good standing in the defendant order. This action is for the amount of the policy. The defense is, that the insurance was forfeited by a misrepresentation as to her age made by the assured in her application for insurance. There was a verdict and judgment for defendant, from which plaintiff appealed.

It appears from the pleadings, stipulations of parties, and evidence for defendant, that it (defendant) was at the times mentioned in the pleadings, an insurance company on the assessment plan, authorized by law to do business in this state; that the assured died January 16, 1897; that proper proofs of her death were received by defendant June 1, 1897; that more than ninety days thereafter (or after Sept. 1, 1897), this action was begun. On the fifteenth of March, 1897 (Session Acts, page 129), the legislature of this state amended section 5869 of the revision of 1889, so as to subject all corporations insuring on the assessment plan—home or foreign—to certain provisions of the revision applicable to ordinary life insurance business. One of these provisions is as follows: "In suits brought upon life policies, heretofore or hereafter issued, no defense based upon misrepresentation in obtaining or securing the same, shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiffs, the premiums received on such policies." This statute is in terms retrospective as well as prospective. If it is a valid enactment, it must therefore invalidate the defense to this action, which was interposed in contravention of its requirements. Under the law

governing the rights of the parties when the contract of insurance was formed, the defendant had a clear right to set up misrepresentation in the procurement of the policy as a complete bar to any recovery by the beneficiary, for such was the legal effect of the contract expressed in the application for the insurance and the benefit certificate issued upon that application. By the retrospective terms of the foregoing statute the legislature has undertaken to read into the contract upon which the insurance was based a new condition substantially altering the rights of the insurer. Unless this statute is invalid, it is the duty of the courts to administer it according to its plain provisions. Whether it be valid or invalid depends upon a construction of the Constitution of this state depriving the General Assembly of the power to enact any law impairing the obligation of contracts, or retrospective in its operation. Constitution of Missouri, art. 11, sec. 15; Revised Statutes 1899, page 64. If the questions were left to us for decision we should have no hesitation in holding that the terms of the statute subjecting "policies heretofore issued" to its requirements were nugatory and void, and therefore inapplicable to the case under review. But the delimitation of jurisdiction between this and the supreme court allots to the latter tribunal exclusive appellate jurisdiction "in all cases involving the construction of the Constitution of the United States, or of this state." State ex rel. Dugan v. K. C. Court of Appeals, 105 Mo. 299; State ex rel. Smith, 141 Mo. 1; State v. Dinnisse, 109 Mo. 434; Joplin Mining Company v. City of Joplin, 48 Mo. App. 601. The constitutional question is raised in this case by the existence and ostensible application of a general statute to the facts and pleadings in this cause. General legislative acts, when valid, must be applied by the courts to all controversies falling within the terms of such acts. They need not, of course, be pleaded, but are enforced by the

courts as a part of the system of laws which they are constituted to administer. The retrospective terms of the one under review necessarily raises a question of its constitutional validity. We are thus met at the threshold of this .case with a question which deprives us of appellate jurisdiction in this cause. The appeal herein was taken to the wrong court, and the cause is therefore transferred to the right court, to which is hereby ordered to transfer to the supreme court.

Judge *Bland* concurs; Judge *Biggs* absent.