MAGGIE COLLINS, Appellant, v. THE GERMAN AMERICAN MUTUAL LIFE ASSOCIATION OF BURLINGTON, IOWA, Respondent.

**St. Louis Court of Appeals, May 26, 1900.***

1. **Insurance:** SUIT ON BENEFIT CERTIFICATE: POLICY FORFEITED BY MISREPRESENTATIONS.  Under the law governing the rights of the parties when the contract of insurance was formed, the defendant had a clear right to set up misrepresentation in the procurement of the policy as a complete bar to any recovery on it.

2. ———: ———: ———: SEC. 5869, R. S. 1899, AS AMENDED BY ACTS 1897, RETROSPECTIVE AND UNCONSTITUTIONAL. The constitutional question in this case is raised by the Act of 1897 operating upon policies, then issued, which Act contains the following provision: · "In suits brought upon life policies, *heretofore* or *hereafter issued*," etc.  This provision subjects policies *heretofore issued* to its requirements,, and undertakes to read into the contract upon which the insurance is based, a new condition substantially altering the rights of the insurer, which would render the act unconstitutional.

* NOTE.—Received by reporter November 20, 1900.

3. ———: ———: ———: CONSTITUTIONAL QUESTIONS. The supreme court has exclusive appellate jurisdiction "in all cases involving the construction of the constitution of the United States or this state," hence this case is transferred to that tribunal for decision.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

TRANSFERRED TO THE SUPREME COURT.

No briefs furnished reporter.

BOND, J.—Plaintiff is the beneficiary in a benefit certificate on the life of Anna S. Collins, who died the sixteenth of January, 1897, in good standing in the defendant order. This action is for the amount of the policy. The defense is, that the insurance was forfeited by a misrepresentation as to her age made by the assured in her application for insurance. There was a verdict and judgment for defendant, from which plaintiff appealed.

It appears from the pleadings, stipulations of parties, and evidence for defendant, that it (defendant) was at the times mentioned in the pleadings an insurance company on the assessment plan, authorized by law to do business in this state; that the assured died January 16, 1897; that proper proofs of her death were received by defendant June 1, 1897; that more than 90 days thereafter (or after Sept. 1, 1897) this action was begun. On the fifteenth of March, 1897 (session acts, page 129) the legislature of this state amended section 5869 of the revision of 1889, so as to subject all corporations insuring on the assessment plan—home or foreign—to certain provisions of the revision applicable to ordinary life insurance business. One of these provisions is as follows: "In suits brought upon life policies, heretofore or hereafter issued,

no defense based upon misrepresentation in obtaining or securing the same, shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiffs, the premiums received on such policies." This statute is in terms *retrospective* as well as prospective. If it is a valid enactment, it must therefore invalidate the defense to this action, which was interposed in contravention of its requirements. Under the law governing the rights of the parties when the contract of insurance was formed, the defendant had a clear right to set up misrepresentation in the procurement of the policy as a complete bar to any recovery by the beneficiary, for such was the legal effect of the contract expressed in the application for the insurance and the benefit certificate issued upon that application. By the *retrospective* terms of the foregoing statute the legislature has undertaken to read into the contract upon which the insurance was based a new condition substantially altering the rights of the insurer. Unless this statute is invalid, it is the duty of the courts to administer it according to its plain provisions. Whether it be valid or invalid depends upon a construction of the constitution of this state depriving the general assembly of the power to enact any law impairing the obligation of contracts, or retrospective in its operation. Constitution of Missouri, art 11, sec. 15, Revised Statutes 1899, page 64. If the question were left to us for decision we should have no hesitation in holding that the terms of the statute subjecting *"policies heretofore issued"* to its requirements were nugatory and void, and therefore inapplicable to the case under review. But the delimination of jurisdiction between this and the supreme court allots to the latter tribunal exclusive appellate jurisdiction "in all cases involving the construction of the Constitution of the United States, or of this state." State ex rel. Dugan v. K. C. Court of Appeals, 105 Mo. 299; State ex rel. v. Smith, 141 Mo. 1; State v. Dinnisse, 109 Mo. 434;

Joplin Mining Company v. City of Joplin, 48 Mo. App. 601. The constitutional question is raised in this case by the existence and ostensible application of a general statute to the facts and pleadings in this cause. General legislative acts, when valid, must be applied by the courts to all controversies falling within the terms of such acts. They need not, of course, be pleaded, but are enforced by the courts as a part of the system of laws which they are constituted to administer. The retrospective terms of the one under review necessarily raises a question of its constitutional validity. We are thus met at the threshold of this case with a question which deprives us of appellate jurisdiction in this cause. The appeal herein was taken to the wrong court, and the cause is therefore transferred to the right court, to which end it is hereby ordered to trarsfer to the supreme court.

Judge *Bland* concurs; Judge *Biggs* absent.